J. Monroe DUNN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19206.

United States Court of Appeals
Fifth Circuit.

Sept. 12, 1962.

Chas. L. Gowen, Brunswick, Ga., for appellant, Gowen, Conyers, Fendig & Dickey, Brunswick, Ga., of counsel.

William T. Morton, Asst. U. S. Atty., Augusta, Ga., Norman Sepenuk, Atty., Dept. of Justice, Washington, D. C., Donald H. Fraser, U. S. Atty., Southern Dist. of Georgia, Joseph M. Howard, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before JONES, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

J. Monroe Dunn appeals from a conviction and sentence under a two count indictment charging willful attempts to evade his income tax for the calendar years 1955 and 1956.[1]

The Government contends that Dunn, who was then Mayor of the City of Baxley, Georgia, received funds from the City of Baxley and from contractors and suppliers performing work and furnishing goods to Baxley, Appling County and the City of Surrency, which he did not report for the years involved.[2] The Government claims that the unreported funds were received by Dunn in the form of "kickbacks" or for construction work performed by him, but payment for which was made to other contractors and city employees, who in turn delivered cash to Dunn. Dunn denied receiving the cash sums claimed and he contends that certain unreported funds paid to him by check of the City of Baxley were used for the sole purpose of defraying expenses incurred in making trips to Atlanta and other places to secure public works projects. Dunn was a construction contractor and owned and operated heavy equipment used to move earth and for other purposes.

The appellant Dunn complains of error with respect to alleged prejudicial statements or arguments made by the United States Attorney; the improper admission in evidence of Government's Exhibits No. 3, hereinafter mentioned;

---

[1]. "Internal Revenue Code of 1954:
"§ 7201. Attempt to evade or defeat tax.
"Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution. (26 U.S.C.A. § 7201.)"

[2]. Dunn reported $14,922.98 as net income in 1955 and the Government claims he knew his net income for that year was $22,067.23. For the year 1956 he reported net income of $20,223.68 and the Government claims he knew that his net income for that year was $36,576.24.

the refusal of certain requested charges; and errors in the instructions given by the court.

In his opening statement to the jury, the District Attorney made the following assertion:

"This case is replete with fraud and is one of the most flagrant cases we have ever tried in the Southern District of Georgia." [3]

In his closing argument, the United States Attorney was commenting upon an alleged arrangement between Dunn and a contractor named, DeLaigle, who was a Government witness, who admittedly had converted checks to cash and claimed to have given certain cash to the defendant Dunn, which Dunn denied receiving, when the following argument was made:

"how was Mr. DeLaigle going to get the job? Mr. Dunn was the Mayor. He got them from Mr. Dunn. Whether those accounts (amounts?) were reimbursement for expenses or kick backs—any of you gentlemen that know anything about politics, when you throw out that much money, why, somebody is going to have to take (pay?) somebody else."·

The defendant objected and made a motion for a mistrial.[4]

■ The duty of a United States Attorney in a criminal prosecution is suc-

cinctly stated in Handford v. United States, (5 Cir., 1957) 249 F.2d 295 as follows:

"A United States district attorney carries a double burden. He owes an obligation to the government, just as any attorney owes an obligation to his client, to conduct his case zealously. But he must remember also that he is the representative of a government dedicated to fairness and equal justice to all and, in this respect, he owes a heavy obligation to the accused. Such representation imposes an overriding obligation of fairness so important that Anglo-American criminal law rests on the foundation: better the guilty escape than the innocent suffer. In this case zeal outran fairness. The argument of the United States attorney in the district court was improper, prejudicial, and constituted reversible error."

■■ In the instant case "zeal outran fairness" in our judgment. At the outset, the jury was told that in the prosecutor's opinion the case was the most flagrant he had ever tried and was replete with fraud. At this point, it would have been relatively simple for the Court to have discharged the jury who heard the prejudicial remarks and impaneled another one. It is improper for counsel

3. The defense counsel moved for a mistrial and the Court responded in part: "Just disabuse your minds of that statement, gentlemen, and don't let it influence you in any way. I am sure Mr. Calhoun did not intend to say it, and he should not have said it, but just remove that from your mind in the trial of this case, and with that I overrule your motion. All right you may proceed."

4. Whereupon, counsel for the defendant told the Court that he (the United States Attorney) had said, "That everybody that knew anything about politics knew that when a contract of that kind is let out a man expects to get his share as a kick back," and again respectfully moved for a mistrial. Whereupon, the Court said, "Well if he did say that, gentlemen of the jury, just disabuse your minds of

that. You do get honest politicians. I overrule the motion for a mistrial." Whereupon Mr. Calhoun said, "Now, gentlemen, as I said, the State is trying to get the money back whether it is kickbacks or what not." Whereupon defendant, through counsel, said, "Your Honor, I object to the reference as to whether the State is undertaking to get the money back or not. That has nothing to do with this case. It is irrelevant and immaterial." Whereupon the Court said, "Well just disregard all of that, gentlemen. You get honest lawyers, honest politicians just like you do honest business men. That all hasn't got anything to do with this case. All of that is a question for you gentlemen to determine anyway. You gentlemen of the jury will remember the evidence. All right, you may proceed."

to express his personal opinion or to state facts of his own knowledge, not in evidence, and not part of the evidence to be presented; or to make unwarranted inferences or insinuations calculated to prejudice the defendant. Taliaferro v. United States, (9 Cir., 1931) 47 F.2d 699. There can be no doubt that the statement in the closing argument to the effect that all politicians take kickbacks on contracts such as these was prejudicial. At the time Dunn was the elected Mayor of the City of Baxley. The case against Dunn on this point rested on the veracity of DeLaigle. To insinuate that Dunn must have gotten the money from DeLaigle because Dunn was a politician and that their relationship was a nefarious political deal, was improper and prejudicial.

The fact that the Court told the jury to "disabuse your minds of that statement" cannot remove the prejudice. This Court reversed a conviction for improper argument in Ginsberg v. United States, (5 Cir., 1958) 257 F.2d 950, where there was no objection to the argument and no corrective charge given. The Court said:

> "We hold that this statement of the prosecuting attorney constituted 'plain error * * * affecting substantial rights' under Rule 52(b), 18 U.S.C.A., governing criminal procedure. It was such an error, also, as would have been magnified in its influence on the jury by an objection and motion for mistrial."

This Court also reversed a conviction on a narcotics charge for a statement much less prejudicial than the one here involved,[5] without an objection or motion for mistrial in Nalls v. United States, (5 Cir., 1957) 240 F.2d 707. In this case, the point was raised by motion for mistrial and motion for a new trial.[6]

The paths of justice must be cut through a wilderness of facts in every case. Opinions of prosecutors or defense counsel are not issues to be submitted to the jury. The statements made by the District Attorney could not be based on evidence to be presented or actually presented. Evidence to support his statements, if tendered, could not be received. We are always concerned with guilt and innocence in criminal cases; but of equal importance is a fair trial to guilty and innocent alike. Trials are rarely, if ever, perfect, but gross imperfections should not go unnoticed. In every case involving improper argument of counsel, we are confronted with relativity and the degree to which such conduct may have affected the substantial rights of the defendant. It is better to follow the rules than to try to undo what has been done. Otherwise stated, one "cannot unring a bell"; "after the thrust of the saber it is difficult to say forget the wound"; and finally, "if you throw a skunk into the jury box, you can't instruct the jury not to smell it".

The Government relied heavily on witness DeLaigle and Government Agent Abbott to prove its case. For a year or more, Agent Abbott made an investigation of defendant Dunn's income. At a conference attended by several Government agents, including Agent Abbott, the defendant Dunn and a Mr. Atwood,[7] who was an accountant for Mr. Dunn, Agent Abbott submitted a list of items of claimed income to Accountant Atwood which he, Abbott, claimed had been received as income by Dunn and not reported. Accountant Atwood took the list and tried to determine whether the alleged unreported items had in fact been reported. He was successful in establishing that several thousand dollars from the list furnished by Abbott

---

5. The Government at the end of its case announced that it had three additional witnesses but would not put them on because their testimony would be cumulative.

6. For an enlightening discourse on the subject under consideration, see Wigmore on Evidence (3rd Ed. 1940) § 1806 et. seq. p. 259.

7. If Atwood was not personally present, a member of his firm was present; Atwood is the accountant who examined the list of items mentioned.

had been reported, but he was unable to find any record of many items on the list. He prepared a work sheet which reflected the items he had not been able to find in the records and this list was voluntarily delivered to Agent Abbott with the consent of Dunn. Dunn made no statement except to deny that he had failed to report his income and at no time did Dunn or anyone on his behalf admit the correctness of the list prepared by Agent Abbott. Most, if not all, of the items on the list prepared by Abbott were based on information furnished to him by witness DeLaigle out of the presence of the defendant.

The Government called Accountant Atwood as a witness and requested him to bring a copy of the statement submitted to Agent Abbott. This statement was admitted in evidence over the objection of the defendant. The defendant claims prejudicial error because the defendant contends that the statement was received in evidence for the purpose of proving that Dunn had admitted that the items of claimed income on the list prepared by Abbott and claimed by Abbott and DeLaigle to have been received by Dunn, for which Accountant Atwood could find no record, constituted an admission of the correctness of the items listed as unreported income. For example, the following question was propounded to witness Atwood by the District Attorney:

"Q. Therefore, that statement is a record of undeposited cash received by Mr. Dunn for the years 1955 and 1956, is that right?

"A. I don't know whether he received it or not. It is what Mr. Abbott said he received."

When Agent Abbott was on the stand, some effort was made to lay a predicate for the introduction of a confession. The following question was propounded by the District Attorney to Agent Abbott:

"Q. Now, Mr. Abbott, did you threaten Mr. Dunn or his representatives or offer them any hope of reward if they would submit you that statement?"

In his amended motion for a new trial, defendant makes the following assertion which the distinguished trial judge certified to be facts of record on appeal:

"In this connection, defendant shows that the United States Attorney in his concluding argument to the jury argued that said Government Exhibit No. 3 was an admission by defendant of his guilt and constituted an admission by defendant that he had received the income shown on Exhibit No. 3."

When Exhibit No. 3 was offered by the Government, the defendant objected, contending that it was based on statements made by Agent Abbott to Accountant Atwood asserting that he, Abbott, knew of certain unaccounted for cash. The Exhibit was admitted subject to the objection, but the court suggested that when the evidence was closed, the defendant could further object. This was done by a motion to exclude Exhibit No. 3 upon the grounds previously stated and because the District Attorney had argued that it was evidence of an admission of guilt on the part of the defendant. The defendant claims that the statement was not admissible in view of the fact that witness DeLaigle, who furnished the information to Abbott; and Abbott himself had testified; and the defendant further argues that the evidence clearly showed that the statement was not admissible under the theory that it constituted an admission of guilt. The Court made the following ruling:

"The Court:

"Well, I think your evidence clearly demonstrated that, and I think you thoroughly explained it in your argument to the jury, and your witnesses also testified to that that it was not an admission of guilt. Of course, the government contends that it was and you contend that it wasn't, and that is a question of fact for the jury. Bring the jury back in, Mr. Marshal."

In its brief, the Government argues that the comment by the prosecuting at-

torney is inconsequential considering the fact that the record clearly proved the defendant's contention that Exhibit No. 3 "* * * was never meant to constitute an admission by appellant." We cannot accept the Government's contention. The document should never have been admitted under the contentions and insinuations of the Government that it constituted an admission of guilt. Even if the defendant carried the burden of showing that it was not an admission of guilt, the Government was permitted in final argument to assert that it was such an admission. If the Government's contention is accepted, the District Attorney's argument is clearly improper. At most, Exhibit No. 3 constituted a list of items of income which DeLaigle told Agent Abbott he paid to Dunn and which Agent Abbott concluded Dunn received and did not report. Accountant Atwood could show that some of the items had been reported, but not all of them. In no sense did the list constitute an admission by Dunn that he did receive the items claimed. DeLaigle testified that Dunn did receive such items, Abbott believed DeLaigle, but Dunn denied DeLaigle's testimony. Both DeLaigle and Agent Abbott testified.

 The statement was admissible to show that Dunn's accountant was unable to find a record of the income listed which DeLaigle claimed he paid to Dunn, but it should not be used as proof that Dunn admitted receipt of such items. It was so used by the Government and the prosecuting attorney argued to the jury that it was an admission of guilt. The distinguished trial judge stated that such was the contention of the Government. Error was committed when the court admitted the statement into evidence and permitted the jury to decide whether or not it constituted an admission of guilt. Phoenix Assur. Co. Limited of London, England v. Davis, (5 Cir., 1933) 67 F.2d 824; State v. Johnson, (Mo.) 252 S.W. 623; Wigmore on Evidence, Vol. 10, § 2550, p. 501. The Court should have excluded Exhibit No. 3 or instructed the jury that it did not constitute an admission of guilt on the part of the defendant. It constituted evidence to support the Government's contention as to what Dunn's records showed with respect to the items claimed by the Government to be unreported income, but not to prove an admission of guilt.

We have examined the defendant's other specifications of error and conclude that it is unnecessary to discuss them.

For the reasons set out above, the case is reversed and remanded for a new trial.