Carvell McMILLIAN, Mary Lynn McMillian, Bobby McMillian and John William McMillian, Appellants,

v.

UNITED STATES of America, Appellee.

No. 22884.

United States Court of Appeals Fifth Circuit. July 19, 1966.

S. Gunter Toney, Tallahassee, Fla., for appellants.

Stewart J. Carrouth, Asst. U. S. Atty., Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for appellee.

Before BROWN and COLEMAN, Circuit Judges, and DAWKINS, District Judge.

BEN C. DAWKINS, Jr., District Judge:

This appeal is from the convictions of four defendants [1] who were jointly indicted in five counts for separate violations of the liquor laws.[2] The jury returned guilty verdicts against two of the appellants on two counts and against the other two on three counts. The appeal may be disposed of upon two of appellants' specifications of error: (1) the admission of hearsay evidence creating undue prejudice in the minds of the jury, uncured by the trial court's lengthy instructions to disregard, and (2) the government attorney's improper argument before the jury. We reverse and remand for a new trial.

The facts do not require detailed examination. Briefly stated, federal officers on December 9, 1964, placed an unregistered still under surveillance within approximately 100 yards of the home of two of the appellants. After watching the still for about two hours without observing any activities there, the officers approached the house and asked to see one of the occupants. Upon being informed that an investigation was being made of an illegal whiskey distillery, two of the appellants separately replied in such a manner as to focus suspicion upon them and cause their immediate arrest. In the immediate vicinity of the house the agents observed a number of empty jugs which had earlier contained moonshine, and an automobile in which a full gallon container of unstamped alcohol was found. Upon discovery of the whiskey in the automobile, the two appellants, husband and wife, who owned it were arrested. Following each arrest, the agent advised each of the appellants of his right to remain silent or to confer with counsel.

In addition, a large stash of sugar and containers was found some 30 yards from the house, along with other evidence linking together the automobile, the illegal still, and the occupants of the house.

---

1. Carvell McMillian, Mary Lynn McMillian, Bobby McMillian, and John William McMillian.

2. 26 U.S.C. §§ 5601(a) (1), 5179 (possession of an unregistered still); 26 U.S.C. §§ 5601(a) (4), 5173 (carrying on the business of a distiller without bond); 26 U.S.C. §§ 5601(a) (7), 5222 (making and fermenting mash); 26 U.S.C. § 5205 (a) (2) (possession of non-taxpaid spirits); and 26 U.S.C. § 5601(a) (12) (removing and concealing non-taxpaid spirits).

During the course of the prosecutor's direct examination of the agent who had made the arrests, he inquired as to the agent's prior knowledge concerning the automobile in which the unstamped whiskey had been found. Over defense counsel's objection, the court allowed testimony that the agent had been told by a confidential informer that the same car, identified by color and by its license number, had been used to transport illicit whiskey and sugar between Tallahassee, Florida, and Walton County, Florida. The testimony was as follows:

"Q Now then, this automobile, did you know anything about this particular automobile prior to that time?

MR. TONEY: Objection; I'm anticipating, Your Honor.

MR. CARROUTH: What is the objection?

THE COURT: He's anticipating an answer about information, I suppose.

MR. CARROUTH: That's what I intend to develop.

THE COURT: I *overrule* the objection at this point.

Q *Mr. Carrouth:* Go ahead. Did you have any knowledge of that particular automobile prior to this time?

A Yes sir. As I approached the dwelling house—

MR. TONEY: Objection. The answer yes or no would be responsive, Your Honor please.

Q *Mr. Carrouth:* And if you did have *any* information about this car, state what you had?

MR. TONEY: Objection; hearsay.

THE COURT: I *overrule* the objection.

Q *Mr. Carrouth:* Go ahead, Mr. Hardman?

A Yes sir, I had had previous information concerning the car; and, as I approached the dwelling house for the original interview, I recognized the car as the one that I had previously, had previously been described to me on November 26, 1964. I had received information from a confidential informer, who had previously—

MR. TONEY: Objection, Your Honor. This is the same type of objection, I realize, but I want to make it clear in the record.

THE COURT: I *overrule* the objection.

A *The Witness:*—who had previously proved reliable to me, that a blue-green 1964 Galaxy Ford, license No. 13–W–6942, was being used to transport illicit whiskey and sugar between Tallahassee, Florida, and Walton County, Florida."

Thereupon a defense motion for a mistrial was overruled; but the trial judge subsequently found the testimony to have been improperly admitted, and instructed the jury at length to disregard the agent's statement as to what some other person had told him.

■ Appellants contend that the damage was done, that they had been unduly prejudiced in the eyes of the jury by this admittedly irrelevant, hearsay evidence. We agree. In our recent decision in Landsdown v. United States, 348 F.2d 405 (5 Cir. 1965), we held that where law enforcement personnel testified that they had received a radio call in connection with attempts to sell some jewelry by two suspects, one of which was the appellant there, and that a burglary complaint had come in over the telephone, such testimony was irrelevant to the case, inadmissible as hearsay, and so unduly prejudicial as to constitute *plain error* under Fed.R.Crim.P. 52(b).

Perhaps more nearly in point is Mattson v. United States, 7 F.2d 427 (8 Cir. 1925), where a conviction for violation of the Prohibition laws was reversed because the agent had asserted that he had had many complaints that the defendant was selling liquor. It was held that the agent's statement was "clearly inadmissible and fatally prejudicial to the case of the defendant, because it was bald hearsay, or hearsay of hearsay." See also Whiting v. United States, 296 F.2d 512 (1 Cir. 1961).

■ Although it is the general rule, Conner v. United States, 322 F.2d 647 (5 Cir. 1963), that an erroneous admission of evidence is cured by instructions that the jury disregard it, where the substantial rights of the defendant were not adversely affected—that is, where his guilt is clear and error, if any occurred, was harmless—we are of the opinion that the erroneous admission of the informer's statement here was so unduly prejudicial as to constitue reversible error notwithstanding the court's subsequent instructions to disregard.

Turning now to a consideration of certain remarks made by the prosecuting attorney in his closing argument to the jury, in rebuttal to defense counsel's argument, we find the following:

"MR. CARROUTH: * * *

"Before you forget and while its fresh on your mind, can you recall anything that Mr. Thompson said about the innocence of his clients, anything right now while you have it fresh on your mind. Mr. Thompson stood up here for 20 minutes and put these officers on trial. That's all he talked about; to my best recollection, he never said one time 'my clients are innocent'; he never mentioned that. He put these officers on trial and said they were slow in making their cases and had to make some more cases and all sorts of things for 20 minutes.

*   *   *   *   *   *

"Mr. Toney did mention one or two little things besides that but he also put the United States Government on trial. He put the FBI and everybody else. He forgot to mention, after he mentioned about all of these agencies that the Federal Government has to make these scientific cases, he forgot to mention that there's a lot of other things too before we take anybody's liberty away from them. *These officers, when they make a case, they've got to convince our office that they've got a case and then we—*

MR. TONEY: Just a moment! Your Honor, I object to counsel giving

his opinion. It's not proper for [a] lawyer to give an opinion.

MR. CARROUTH: It's not opinion; it's a fact.

MR. TONEY: He said he passed on the evidence and made a conclusion.

THE COURT: What we're doing, we're trying a case because the grand jury brought an indictment.

MR. CARROUTH: That's right.

THE COURT: That's all there is to talk about.

MR. CARROUTH: And then these cases are presented to the grand jury, and then they're presented to the Court and *there's all kinds of rulings the Court makes before you get it.*

MR. TONEY: Objection, Your Honor. I think its immaterial to go into these matters as to what happened out of the presence of the jury.

MR. CARROUTH: I was just rebutting, Your Honor, the fact that he said the FBI and everybody else made these investigations.

THE COURT: I think that's appropriate response to your argument, Mr. Toney, that part of it." (Emphasis added.)

■ There is substantial support for appellants' contention that the prosecuting attorney is precluded from stating his individual belief in the guilt of the accused. In Dunn v. United States, 307 F.2d 883, 885 (5 Cir. 1962), we held in reversing a conviction for income tax evasion: "It is improper for counsel to express his personal opinion or to state facts of his own knowledge, not in evidence, and not a part of the evidence to be presented; or to make unwarranted inferences or insinuations calculated to prejudice the defendant." See also Steele v. United States, 222 F.2d 628 (5 Cir. 1955). In Greenberg v. United States, 280 F.2d 472 (1 Cir. 1960), the government attorney had vigorously argued his belief in the evidence and the consequent guilt of the accused. Quoting Canon 15 of the Canons of Professional Ethics of the American Bar

Association,[3] the court reversed a tax evasion conviction, holding that it was error to allow the prosecuting attorney to express his opinion or belief in the evidence.

On the other hand, in Henderson v. United States, 218 F.2d 14, 19, 50 A.L. R.2d 754 (6 Cir. 1955), cert. denied 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253, it was held not to be misconduct on the part of the United States attorney "to *express* his individual belief in the guilt of the accused if such belief is based solely on the evidence introduced and the jury is not led to believe that there is other evidence, known to the prosecutor but not introduced, justifying that belief."

The government contends that the remarks in question were proper rebuttal to defense counsel's comments concerning the immense availability to the prosecutor of investigators, monetary resources, chemical analysis and the like. Concededly, the prosecutor's remarks were not as flagrant as those in *Dunn* or *Greenberg*, but we believe the applicable rule to have a broader base than merely the exclusion of personal opinions as to guilt. As noted in those cases, the inquiry should be whether the prosecutor's expression might reasonably lead the jury to believe that there is other evidence, unknown or unavailable to the jury, on which the prosecutor was convinced of the accused's guilt. This is precisely the case here presented.

Notwithstanding whether the United States Attorney's remarks standing alone would require a reversal, but taking for their likely effect upon the jury, it is manifest that this argument, coupled with insinuation that the government had additional information by way of a reliable informer, although inadmissible before them, would have an unduly prejudicial effect. It is more than probable that this led the jury to believe that the whole governmental establishment had already determined appellants to be guilty on a glut of evidence which,

by technical legalisms, was not put before them. Consequently it is our conclusion that the prosecuting attorney's argument was plainly unwarranted and clearly injurious.

We have examined the appellants' other specifications of error and conclude that each is lacking in substance.

For the reasons set forth, the judgments of conviction are reversed and the case is remanded for a new trial.

Reversed and remanded.

---

**3.** "It is improper for a lawyer to assert in argument his personal belief in his client's innocence or in the justice of his cause."