**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Junior RHODEN et al.,**
**Defendants-Appellants.**

**No. 71-1044**
**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 1972.

Rehearing Denied Feb. 11, 1972.

---

[*]  Rule 18, 5th Cir. See Isbell Enterprises Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Bernard Nachman, Jacksonville, Fla. (Court Appointed), for Rhoden and Green.

Wayne E. Ripley, Jacksonville, Fla., for Steed.

John L. Briggs, U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellants Ollie Clayton Steed, Eddie Green, William Junior Rhoden and defendant Donald M. Lauser were charged in an eight count indictment with a conspiracy to violate federal liquor laws and with substantive violations of the same laws.[1] All defendants were tried together, each represented by separate counsel. The jury returned a verdict of guilty against each of the defendants on the conspiracy count as well as guilty verdicts on each of the substantive charges. Rhoden and Steed's motions for a new trial were denied. They appealed. Green filed his notice of appeal after the prescribed 10 day period; however, under FRAP Rule 4(b) the district court permitted him to appeal. Green adopts by reference the briefs and reply briefs of Steed and Rhoden. We affirm.

Two issues are raised. All appellants point to various portions of the closing argument of the United States Attorney and contend that separately and cumulatively the remarks were so prejudicial that the lower court erred in refusing to grant a mistrial and in denying their motions for a new trial. Appellant Steed additionally contends that the trial court erred in refusing to instruct the jury to disregard all evidence dealing with the Baker County still, one of the areas in which the alleged illegal activity occurred.

The argument was lengthy and at times ambiguous. Appellants contend that it was improper in the following respects: (1) comments by the prosecutor on their failure to testify, (2) the expression of an opinion by the prosecutor as to the veracity of a government witness, and (3) an attack on the manner in which the defense attorneys presented their cases. We find that only contention (3) is clearly reflected in the record; contentions (1) and (2) may be inferred possibly, but the language involved is substantially ambiguous. The prosecutor's attack was disparaging to a degree, but it was not so inflammatory as to prejudice the rights of the appellants. Nor did the other comments of the prosecutor so taint the trial that automatic reversal is required.[2] However, the conduct of the prosecutor is so close to the perimeter of impropriety that we consider further discussion appropriate, in view of our conclusion that error, if any, was harmless.[3]

Claims of improper argument by a prosecutor are not novel unfortunately. Both the Supreme Court and this court have recognized the important responsi-

---

1. 18 U.S.C.A. § 371; 26 U.S.C.A. §§ 5205(a) (2), 5601(a) (1) & (a) (4), 5604(a) (1).

2. *See* Chapman v. California, 386 U.S. 18, 23–24, 87 S.Ct. 824, 17 L.Ed.2d 705, 710 (1967); 3 C. Wright, Fed.Prac. & Proced. § 855 (1969) [hereinafter cited as 3 Wright]; Note, 83 Harv.L.Rev. 814, 820 (1970).

3. Fed.R.Crim.P. 52(a); *see* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); 3 Wright §§ 851–54.

bilities of United States Attorneys both to the government and to the accused.[4] "He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones." [5] Our task is to determine whether the argument now before us is foul or fair. In order to reach a conclusion we must weigh the degree to which the alleged improper argument may have affected the substantial rights of the defendant.[6]

■ Viewing the record as a whole, including those portions of the prosecutor's argument to which objection was made, in the context of a hotly contested trial and in light of the cautionary instructions given by the trial court, we are convinced that no reversible error was committed. The prejudicial effect, if any, of the alleged improper argument appears to be slight, while the evidence of guilt is overwhelming. Considering the totality of all of the circumstances, it is our conclusion beyond a reasonable doubt,[7] that even if the argument was improper it constituted no more than harmless error. A defendant is entitled to a fair trial not a perfect one.[8]

■ Appellant Steed claims that the trial court erred in refusing to instruct the jury to disregard all evidence dealing with the Baker County still, one of the areas in which the alleged illegal activity occurred. Steed's argument is without merit. Sufficient connection was shown between activities at this still and others in which Steed was clearly involved to render evidence connected with it admissible. It makes no difference that this evidence may have preceded evidence which conclusively linked Steed with the conspiracy.[9] Such a connection was subsequently shown by clear and positive evidence. It is within the sound discretion of the trial court to determine the order in which evidence shall be received. No error was committed in admitting evidence connected with the Baker County still.

■ While we have not found the United States Attorney's argument here to be prejudicial in view of the overwhelming nature of the evidence, we hasten to point out that prosecutors should exercise utmost restraint and caution in fashioning arguments which may tend to support the suggestion of a comment on the failure of a defendant to testify. Additionally, expressions of personal opinion as to the credibility of witnesses for the prosecution should be avoided. "It is as much his [the prosecutor] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." [10]

Affirmed.

4. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); Dugan Drug Stores, Inc. v. United States, 326 F.2d 835 (5th Cir. 1964); Dunn v. United States, 307 F.2d 883 (5th Cir. 1962); Handford v. United States, 249 F.2d 295 (5th Cir. 1958).

5. 295 U.S. at 88, 55 S.Ct. at 633, 79 L.Ed. at 1321.

6. Dunn v. United States, 307 F.2d 883, 886 (5th Cir. 1962).

7. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); United States v. Hayes, 444 F.2d 472 (5th Cir. 1971) [No. 71–1165,

June 17, 1971]; 3 Wright, § 854, at 358–359.

8. Bruton v. United States, 391 U.S. 123, 135, 88 S.Ct. 1620, 20 L.Ed.2d 476, 484 (1968); Lutwak v. United States, 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593, 605 (1953).

9. See Nelson v. United States, 415 F.2d 483, 486 (5th Cir. 1969); United States v. Cerrito, 413 F.2d 1270, 1272 (5th Cir. 1969).

10. Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314, 1321 (1935); see Taylor v. United States, 134 U.S.App.D.C. 188, 413 F.2d 1095 (1969) (prosecutors "are officers of the court as well as advocates for a cause").