**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jaime Martinez RODRIQUEZ and Roberto C. Aguilar, Defendants-Appellants.**

**No. 74–2434**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1974.

David C. Kellum, Pasadena, Tex. (Court-appointed), for defendants-appellants.

Anthony J. P. Farris, U. S. Atty., Ronald J. Waska, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Appellants were convicted of unlawful possession of a firearm which was not registered, in violation of 26 U. S.C. §§ 5861(d), 5871, and of unlawfully making a firearm (destructive device commonly known as a Molotov cocktail) and failing to pay the making tax, in violation of 26 U.S.C. §§ 5861(f), 5871. Appellants seek reversal of their convictions because of alleged prejudicial remarks by the prosecutor in closing argument. A review of the remarks reveals they were not so prejudicial as to require reversal. We affirm.

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Appellants admitted at trial that they set fire to a co-worker's car because of union activity. They were caught fleeing the scene. They alleged, however, they did not make a molotov cocktail, or intend to bomb anything.

In closing argument the prosecutor, Mr. Waska, said:

. . . I submit to you that if these defendants had merely wanted to burn a little gasoline by the side of the car to scare this man, so to speak, and you will recall Mr. Aguilar said—he used the term, that was translated, and we'll give him the benefit of the doubt on the translation, he said he went out there to throw a bomb, to burn—

MR. RAMIREZ: Objection, Your Honor.

MR. WASKA: Your Honor, that's part of the testimony.

THE COURT: I believe that is correct (TR. 177–183).

MR. WASKA: He used that phrase, "throw a bomb," and that's my recollection. If yours is different, I ask you to take yours, "and to scare him."

. . .

In actuality the appellant Aguilar had testified as follows through an interpreter:

QUESTION: What did you decide to do about the situation, then?

ANSWER: Scare him, but to burn the car by throw [sic] a bomb, or something like that, we never thought about it.

The prosecutor and the judge obviously had faulty recollections. However, the prosecutor warned the jury to rely on their own recollections and the judge instructed them they were the sole judges of the facts. The standard for judging prosecutorial misconduct was set out in United States v. Rhoden, 5 Cir. 1972, 453 F.2d 598. The test is to weigh the degree to which the alleged improper argument may have affected the substantial rights of the defendants.

The prejudicial effect, if any, of the alleged improper argument here appears to be slight, while the evidence of guilt is overwhelming. Considering the totality of all of the circumstances, it is our conclusion beyond a reasonable doubt, that even if the argument was improper it constituted no more than harmless error. A defendant is entitled to a fair trial, not a perfect one. Lutwak v. United States, 1953, 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593; Samuels v. United States, 5 Cir. 1968, 398 F.2d 964.

Affirmed.