UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul L. MORGAN, Darrell Nickell, Ance
M. Sutton, and George Brumfield,
Defendants-Appellants.

No. 77–5130
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1977.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*
5 Cir., 1970, 431 F.2d 409, Part I.

**1002**

Lawrence L. Scott, Tampa, Fla., for Morgan.

William B. Plowman, Tampa, Fla., for Nickell and Sutton.

Allen P. Allweiss, St. Petersburg, Fla., for Brumfield.

Denver L. Rampey, Jr., U. S. Atty., Richard E. Nettum, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

A jury convicted Paul L. Morgan, Ance M. Sutton, Darrell Nickell, and George Brumfield of violating 18 U.S.C. § 371 by conspiring knowingly to transport stolen motor vehicles in interstate commerce in violation of 18 U.S.C. § 2312 and by conspiring knowingly to receive, conceal, store, barter, sell, or dispose of stolen motor vehicles in violation of 18 U.S.C. § 2313. Defendants now appeal, asserting four reasons why this Court should grant them a new trial. We find none of their reasons persuasive and affirm the convictions.

■ Defendant Morgan contends that the district court abused its discretion by refusing his request for additional voir dire questions designed to reveal jury prejudice.[1] The law and the record indicate otherwise.

Fed.R.Crim.P. 24(a) provides that if the trial court conducts the examination of prospective jurors, the court

shall permit the defendant or his attorney and the attorney for the government to supplement the examination by such further inquiry *as it deems proper* or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys *as it deems proper.* [emphasis added]

The trial court possesses broad discretion in conducting the voir dire examination, subject to the essential demands of fairness. *United States v. Fernandez-Piloto*, 5 Cir., 1970, 426 F.2d 892, 893. The record shows that Morgan's attorney did not submit the proposed voir dire questions until after the court had completed its own examination, specifically asked counsel for all defendants if there were any additional questions they wanted propounded, and had begun the actual process of striking a jury. Moreover, during its examination the court itself had asked the prospective jurors if they were prejudiced against any of the defendants, and had excused one juror for that reason. The court did not, therefore, abuse its discretion in declining to question the prospective jurors further on the issue of prejudice. *See Ham v. South Carolina*, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973); *United States v. McDowell*, 5 Cir., 1976, 539 F.2d 435, 437.

■ Defendant Morgan next contends that the district court erred in denying his motion to suppress certain metal serial number plates and dies found in his automobile.[2] He argues that the court should have suppressed this evidence because the FBI obtained it through an illegal search and because the government failed to announce before trial its intent to use the evidence, thus violating Fed.R.Crim.P. 16. We find it unnecessary to reach either of these questions because the error, if any, was harmless beyond a reasonable doubt.

---

1. As evidence of such prejudice, Morgan points to defendant Sutton's statement that he overheard one juror say "if they weren't guilty they wouldn't be here." Record at 1452.

2. Allegedly defendants were to use these materials to change the identification plates and numbers on the stolen equipment.

*See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). When the FBI arrested Morgan, he had on his person three metal plates similar to those found in his automobile. The government introduced these three plates into evidence without objection. The plates and dies found in Morgan's automobile, therefore, were simply cumulative evidence. Moreover, the testimony of Estel Millard Blevins (a coconspirator and the government's chief witness), several taped telephone conversations, as well as considerable other testimony and documentary and physical evidence strongly established Morgan's guilt quite without regard to the evidence found in his automobile.

■ Next, defendants Sutton, Nickell, and Brumfield assert that the trial court erred in denying their motions for judgment of acquittal, and after the jury's guilty verdict, for a new trial, because the government allegedly had failed to prove that each was a knowing participant in the conspiracy. The test on a motion for judgment of acquittal is "whether, taking the view most favorable to the Government, a reasonably-minded jury might accept the relevant evidence as adequate to support a conclusion of the defendant's guilt beyond a reasonable doubt." *Lambert v. United States,* 5 Cir., 1958, 261 F.2d 799, 801. Likewise, on a motion for a new trial, this Court must examine the evidence in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). The testimony of coconspirator Blevins alone is sufficient to support a finding that each defendant was a willing conspirator. *See United States v. Iacovetti,* 5 Cir., 1972, 466 F.2d 1147, 1153 ("[T]he uncorroborated testimony of an accomplice is sufficient to support a conviction in the federal courts if it is not on its face incredible or otherwise insubstantial . . . .") And whether Blevins'

testimony was credible is not for us to decide; "the jury is the arbiter of credibility of witnesses." *United States v. Cravero,* 5 Cir., 1976, 530 F.2d 666, 670. Additionally, the record indicates that the government presented overwhelming evidence of all four defendants' guilt, including the testimony of twenty-one witnesses other than Blevins, nine taped telephone conversations, and much documentary and physical evidence. Defendants' contention is therefore without merit.

■ Finally, defendants Sutton and Nickell contend that the trial court erred in denying their motions for a mistrial and/or a severance. Counsel for Sutton and Nickell so moved after the government on cross-examination asked Sutton if he had ever made a certain statement to an FBI agent which, according to Sutton and Nickell, incriminated both defendants.[3] Sutton denied making the statement. Now he argues in his brief that he was prejudiced by the question because it implied the existence of a prior inconsistent statement by Sutton which the government never proved. Nickell argues that he was prejudiced because he was incriminated by the statement that the prosecutor's question implied Sutton had made. Defendants also imply that the question was a *Bruton* violation. *See Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

In *Bruton,* a postal inspector testified that Bruton's codefendant stated that he and Bruton had committed the alleged offense. The Supreme Court reversed Bruton's conviction because his codefendant did not take the stand and Bruton therefore was denied his right of cross-examination secured by the sixth amendment's Confrontation Clause. In the instant case, however, Sutton took the stand, testified that he did not make the statement, and was available for cross-examination by his codefendants.

---

3. The specific question was:

Did you tell special agent Arwine that you were told by Paul Morgan and Darrell Nickell that the guard and the owner cranked up the equipment for the, this would be the time that they went up to the site to inspect it, and further that the guard and the owner told them; that is, told Paul Morgan and Darrell Nickell that they needed to get rid of the equipment so that they could go against the insurance company for a claim?
Record at 1072–73.

There was no *Bruton* violation. Likewise, it is unlikely that Nickell was prejudiced by the government's question because Sutton denied making the incriminatory statement. As for Sutton's argument that he was prejudiced, the fact that the government never proved the existence of the prior inconsistent statement is just as harmful to the government's case as the suggestion of the prior inconsistent statement allegedly was to Sutton. In any event, the error, if any, was trivial and therefore harmless. *See Chapman v. California, supra.*

AFFIRMED.