**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Clyde LAMERSON, Defendant-Appellant.**

**No. 71–2353.**

United States Court of Appeals, Fifth Circuit.

March 23, 1972.

Louis R. Koerner, Jr., New Orleans, La., Court-appointed, for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Stephen L. Dunne, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before RIVES, COLEMAN and DYER, Circuit Judges.

PER CURIAM:

On November 5, 1970, appellant Lamerson was arrested for allegedly attempting to cash a stolen Social Security benefits check. Subsequent to his arrest, a one-count indictment was obtained charging Lamerson with violating 18 U.S.C. § 1708 (possession of stolen mail), but on February 4, 1971, this indictment was dismissed in favor of a two-count indictment charging Lamerson on Count 1 with violating 18 U.S.C. § 1708 and on Count 2 with violating 18 U.S.C. § 495 (uttering a false endorsement). Lamerson plead guilty to Count 1 of the indictment. However during the course of a presentence investigation he maintained his innocence so avidly that his counsel filed a motion to withdraw the plea of guilty. That motion was heard and granted. Thereafter Lamerson was tried to a jury and convicted on Count 1 but acquitted on Count 2.

Lamerson seeks reversal of his conviction on Count 1 urging some eleven specifications of error to this Court. With respect to one of his contentions—that certain of the prosecuting attorney's closing statements to the jury constitute reversible error—we agree and accordingly reverse the decision below. Having found error in that regard we find no need to pass on Lamerson's other contentions.

By objecting at trial Lamerson's attorney preserved the right to

have this Court review the propriety of the prosecution's closing argument. Having made that review we find that two of the statements which the prosecuting attorney made to the jury were highly prejudicial. At one point he stated:

"Again, you are supposed to judge the demeanor and the way a witness conducts himself on the stand; whether you would believe or not, that is your job to determine who you can believe and who you can't believe. And, I think Officer McPherson and Agent Stymus [*sic*] showed sincerity. I *firmly believe* what they said is the truth. *I know it is the truth,* and I expect you do, too." (Tr. 122). (Emphasis supplied.)

This type of comment has repeatedly been held to amount to reversible error. *E. g.*, United States v. Brown, 5 Cir. 1971, 451 F.2d 1231; Gradsky v. United States, 5 Cir. 1967, 373 F.2d 706; McMillian v. United States, 5 Cir. 1966, 363 F.2d 165. The Government's proof was not so clear as to render the error harmless. It is somewhat indiscrete for the prosecutor to comment on his own personal assessment of the credibility of the witnesses, even when that assessment derives solely from what the witnesses have said while on the stand. When he makes a statement which could be construed by the jury as implying that he has additional reasons for knowing that what one witness has said is true, which reasons are not known to the jury, such comment is no longer mere indiscretion but constitutes reversible error. Here, the prosecutor said: "I know it is the truth," the inference being that he had outside knowledge. Put simply, the prosecutor overstepped the bounds of propriety.

■ Additionally, the prosecutor made the following statement to the jury:

"The Government is prosecuting Clyde Lamerson in line with what Mr. Koerner [the defense attorney] says. And, Mr. Lamerson, had [he] not committed a crime, we would not be doing so. It's as simple as that." (Tr. 128.)

In effect, he stated that the Government prosecutes only the guilty. Even the lesser suggestion that the Government *tries* to prosecute only the guilty has been held reversible error by this Court. In Hall v. United States, 5 Cir. 1969, 419 F.2d 582, 587, this Court held:

"The statement 'we try to prosecute only the guilty' is not defensible. Expressions of individual opinion of guilt are dubious at best. * * * This statement takes guilt as a pre-determined fact. The remark is, at the least, an effort to lead the jury to believe that the whole governmental establishment had already determined appellant to be guilty on evidence not before them. * * * Or, arguably it may be construed to mean that as a pretrial administrative matter the defendant has been found guilty as charged else he would not have been prosecuted, and that the administrative level determination is either binding upon the jury or else highly persuasive to it. Appellant's trial was held and the jury impaneled to pass on his guilt or innocence, and he was clothed in the presumption of innocence. The prosecutor may neither dispense with the presumption of innocence nor denigrate the function of the trial nor sit as a thirteenth juror." (Footnotes and citation omitted.)

Being in full accord with the logic of *Hall* and of the other decisions cited, we reverse the judgment below and remand the case for a new trial on Count 1.

Reversed and remanded.