**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rafael HERRERA, Defendant-Appellant.**

No. 75–1873.

United States Court of Appeals,
Fifth Circuit.

May 17, 1976.

John P. Volz, Federal Public Defender, Richard T. Simmons, Jr., Asst. Federal Public Defender, New Orleans, La. (Court appointed not under Act), Louis Moore, Jr., Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U.S. Atty., Mary Williams Cazalas, Asst. U.S. Atty., New Orleans, La., for plaintiff-appellee.

## ON PETITION FOR REHEARING

Before GODBOLD, DYER and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Herrera is an alien, a citizen of Honduras. He was convicted of importing and possessing cocaine with intent to distribute. By an unpublished opinion we affirmed the conviction, saying:

The main emphasis on appeal is directed at oral argument by the prosecuting attorney which the government concedes was improper. The record does not disclose any objection by defense counsel, and we are not able to say that the improper statements rise to the level of plain error.

The most flagrantly improper statements were these, made in the government's final closing argument:

Ladies and gentlemen, I have listened intently to what Mr. Moore was stating to you, and I agree with a few things that he said, but one thing I must agree with him and impress upon myself at this time is that you here sitting here today, myself and everyone else in the room are fortunate, those of us who live in the greatest country in the world, and *if you or I were in Mr. Herrera's shoes, in Honduras, I submit to you at this time that we would not have the benefit of the rights afforded to him in this country*, those rights that he has afforded to him because of our great Constitution, and that what makes our country so great, and that is why you have a function and a role to do today, you as triers of the facts in this case, to do your public service.

Obviously, none of our agents who testified are seeking to destroy anything that this country of ours stands for. As a matter of fact, ladies and gentlemen, *all of the witnesses that testified went out of their way to insure that Mr. Herrera*

*was afforded the same rights as you and I would be, and the same rights that you and I would hope we would be afforded if we were on foreign soil, but that we know we would not.* (Emphasis ours.)

Defense counsel approached the bench, and a bench conference was held but not reported by the court reporter. Presumably it was outside his hearing.

On petition for rehearing we permitted the appellant to supplement the record by affidavits of his two defense attorneys. The affidavits set out that in the conference one of the defense attorneys objected to the statements of the prosecutor which we have underlined above, and that the court overruled the objection on the stated grounds that defense counsel had "waved the flag" and that the argument was proper rebuttal.

We called upon the government for a responsive affidavit. It has filed the affidavit of the prosecutor, who states that he recalls that a bench conference was held but that he is not able to recall what was said other than the trial judge's remark pertaining to waving the flag. The rational inference to be drawn is that the judge's remark was a response to something said by defense counsel, who had asked for the bench conference, concerning the prosecutor's statements. Under these circumstances we accept the uncontradicted affidavits of the two defense attorneys that an objection was lodged and was overruled.

We discuss below other improper statements that were made by the prosecutor in oral argument. In the absence of any objection the cumulative effect of the improper arguments was, at least, marginally close to plain error. With an objection having been made and overruled, we conclude that the conviction must be reversed.

The government asserts that the remarks that triggered the objection were justifiable as reply in kind to the defense's "waving the flag." Not so. In his oral argument defense counsel had pointed out that the defendant, although an alien, was entitled to certain of the protections afforded by the

United States Constitution. This was entirely proper. The average juror, indeed some lawyers, do not know that many of our constitutional protections extend to aliens as well as to citizens. Among the issues in the case were whether in-custody statements made by the defendant had been secured in violation of the constitutional right to counsel and by physical and mental duress. Whether any juror, or the prosecutor, or any other American, would be afforded similar protections in defendant's home country or some other foreign country had nothing to do with this case. Some of defense counsel's accolades to the Constitution and the American system of justice were arguably overblown, but the remedy for this was not to suggest to the jury that it disregard constitutional violations—if any occurred—because in defendant's country, and elsewhere, an American charged with crime might get fewer protections than our country extends to a criminal defendant. This was egregiously inappropriate.

We have considered the foregoing cumulatively with earlier statements made by the prosecutor and not objected to. The prosecutor had said:

. . . I can assure you that all the government agents that were presented before you in the government's case know the defendant's constitutional rights and saw to it that he was advised of these rights and saw to it not only once, but on two separate and distinct occasions, before talking to him about his involvement in the case. . . .

There was a conflict in testimony between defendant and government agents with respect to whether defendant, who spoke no English, was adequately informed of his right to the presence of an attorney. This conflict of testimony was an issue to be decided by the jury.[1] It is impermissible for the prosecutor to assert his own credibility as a basis for conviction. Here the prosecutor attempted to impart verity to the testimony of the agents by giving the jury his own personal guarantee that the agents were telling the truth.

The prosecutor had also said this:

For you to find the defendant not guilty in this case, ladies and gentlemen, in my opinion, will mean that you must believe that all government witnesses in this case have gotten together and—including myself—to conspire to convict Rafael Herrera.

You must believe that we got together with Mrs. Buccola, and that she testified and lied.

This is even more objectionable than the prosecutor's attaching his own credibility to the agents' testimony. The statement put the jury in the position that in order to find defendant not guilty it would be required to believe that the prosecutor had engaged in a necessarily illegal conspiracy with government witnesses.

The result of this accumulation of improper argument is that the defendant did not receive the fair trial to which he was entitled.

The petition for rehearing is GRANTED, and the judgment of conviction is REVERSED.

---

1. Our decision does not imply or even hint at whose version we think was correct. The credibility choice was for the jury.