UNITED STATES of America,
Plaintiff-Appellee,

v.

Douglas McDOWELL, Defendant-
Appellant.

No. 76–1361
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1976.

Rehearing and Rehearing En Banc
Denied Oct. 22, 1976.

* Rule 18, 5th Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5th Cir.
1970, 431 F.2d 409, Part I.

Craig R. Wilson, Edward A. Gross, West Palm Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Don R. Boswell, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

GEWIN, Circuit Judge:

Appellant, Douglas McDowell, was convicted after a jury trial of two counts of possession with intent to distribute cocaine, and two counts of distribution of cocaine, all in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a five-year term on each count, to be served concurrently. On this appeal he argues that the trial court erred in the following rulings: (1) refusing to propound certain requested voir dire questions to the jury panel, (2) admitting certain evidence, (3) allowing the prosecutor to make allegedly highly prejudicial remarks during closing argument, and (4) sentencing appellant on all counts. After carefully reviewing the record and briefs, we find these contentions to be without merit and affirm.

The government's key witness was Clarence Lydes, a convicted felon. In March of 1975, Lydes was incarcerated in the Palm Beach County Jail on several state charges. After negotiations with the sheriff's office and Drug Enforcement Administration (DEA), it was agreed that Lydes would work for the DEA and make cases on known drug dealers. He was released on $350 bond. He was paid $25 per day in expense money, had the use of an apartment and a car, and received $2000 in relocation money. The state charges were dismissed about the same time that Lydes' employment was ended. Lydes was requested to make contact with appellant, whom he had known for about five years.

Lydes met with appellant at appellant's apartment in the first week of April, 1975. Lydes indicated he had a friend from Fort Pierce who wanted an ounce of "coke." The first transaction took place on April 6, 1975, when Lydes was accompanied by DEA Agent Wells to appellant's apartment. Wells was introduced as "Little Man", a narcotics dealer from Fort Pierce. Appellant gave Wells four spoons of cocaine (28 grams) in return for $1000. During the transaction appellant stated he had been "selling dope since '69" and had never been convicted. Another transaction occurred on April 11, when four more spoons of cocaine were purchased for $1000. During this transaction, appellant told Lydes to give "Little Man" his [appellant's] telephone number so "Little Man" could reach him when he got back from Fort Pierce.

Agent Wells corroborated Lydes' story and identified government exhibits 1 and 2 as the cocaine he had purchased from appellant. He also testified concerning the chain of custody of the exhibits. DEA Agent Campbell testified concerning his surveillance of the two purchases and the chain of custody of the exhibits. DEA Chemist Cooper testified that the substance in exhibits 1 and 2 was cocaine hydrochloride. Appellant did not take the stand. The jury found him guilty on all counts.

Appellant complains that the trial court erred in not asking the jury certain requested voir dire questions. The questions were:

8. Please state the name of any church, social club, fraternity or other organization to which you currently belong or were a member of within the past five (5) years.

16. Would the race or religion of any of the parties, witnesses or attorneys have any bearing on your decision in this case?

Rather, the court instructed the jury as follows:

THE COURT: This is a temple of justice; and this Court and all Courts in the nation, every person stands equal before the law, regardless of race, or color or religion, affiliation or nationality or sex or any other consideration.

Would you accept my statement to that effect and do you agree with it, each of you?

THE JURORS: (Indicate in affirmative.)

THE COURT: You will give the United States Government and this individual who is sitting here, represented by these two lawyers, capable lawyers, the same fair, impartial consideration in your verdict, without any preference one way or the other, in an effort to do justice in this case; will each of you do that?

THE JURORS: (Indicate in affirmative.)

■ The trial court possesses extensive discretion in conducting the voir dire examination, but is subject to the essential demands of fairness. *United States v. Fernandez-Piloto*, 426 F.2d 892 (5th Cir. 1970). There must be an abuse of that discretion for reversal on appeal. *United States v. Hill*, 500 F.2d 733 (5th Cir. 1974), *cert. denied*, 420 U.S. 952, 95 S.Ct. 1336, 43 L.Ed.2d 430 (1975). Appellant has shown no such abuse. Even in this court appellant has completely failed even to state the relevancy of his proposed inquiry number 8. The court's instruction and inquiry that are quoted above were more than adequate to meet appellant's extremely generalized and unexplicated fear that members of the jury venire might have been prejudiced against him because of his race.[1] The district court did not err in refusing to give appellant's inquiry number 16.

■ Appellant also alleges that the trial court erred in admitting the cocaine (government exhibits 1 and 2) over objection. He contends that the government did not establish a proper chain of custody. He argues there was no testimony that the evidence was weighed or field-tested before it was turned over to the DEA chemist. He also alleges that the evidence was stored with evidence in other cases and could have become intermingled with it.

Our decision in *United States v. Daughtry*, 502 F.2d 1019 (5th Cir. 1974), is quite instructive with respect to the admission of narcotics exhibits. That case involved the admission of heroin. In it we first noted that the admission of evidence is within the trial court's broad discretion and that his decision concerning it will not be disturbed absent abuse of that discretion. We quoted with approval the criteria for admission of exhibits stated by the Eighth Circuit in *United States v. Brown*, 482 F.2d 1226, 1228 (8th Cir. 1973) (citations omitted):

> [T]here must be a showing that the physical exhibit being offered is in substantially the same condition as when the crime was committed . . . Factors to be considered in making the determination of admissibility include the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of others tampering with it. If upon the consideration of such factors, the trial judge is satisfied that in reasonable probability the article has not been changed in any important respect, he may permit its introduction in evidence.

502 F.2d at 1022 n. 3. The chain of custody revealed by the testimony at trial clearly satisfied the *Brown-Daughtry* criteria.

Agent Wells testified that he placed the substance that appellant had sold him into bags and sealed them immediately upon his return to the DEA apartment. He also placed the DEA seal on the bags and his name and the date. The seals had not been disturbed or tampered with. Agent Campbell's testimony supported that of Wells. Wells transmitted the bags to Sergeant Liles, a member of the DEA Task Force. Sergeant Liles locked the bags in a footlocker. Subsequently, the bags were received by DEA Chemist Cooper and they were undisturbed. After his tests, he sealed the bottom of the bags, which he had opened to remove the samples. Cooper also testified that at the time of trial the bags did not appear to have been tampered with and appeared to be exactly the same as after he sealed them.

---

1. Race was simply not an issue in this narcotics prosecution. Appellant is a black man—but so were three of the four government witnesses, including the key witness, informant Lydes.

Appellant introduced no evidence that the exhibits had been tampered with and there is no evidence of foul play. The cocaine was in two independent, identifiable, sealed packets and there was no evidence that it was commingled with other narcotics. The trial court did not abuse its discretion in admitting the exhibits.

Appellant asserts that the prosecutor's comments during closing argument were extremely prejudicial and constitute reversible error. The comments objected to are as follows:

[Prosecutor:] . . . Ladies and gentlemen, I just want to conclude with this point: I think the issue in this case in my own mind boils down to this: It boils down to the credibility of the witnesses. There is no conflict in the testimony of any of the witnesses in this case, so in essence let me just put it to you this way: If you believe that Clarence Lydes, the informant, lied to you this morning, if you believe that Agent Wells lied to you this morning, if you believe that Mr. Campbell lied to you this morning, and if you believe that the chemist lied to you this morning, then it is your duty to return a verdict of not guilty.

[Defense Counsel] Your Honor, I object to that. There is nobody here said anybody was telling anything but the truth. Now, to infer that I inferred in my argument that anybody was lying, I would ask the Court to tell the jury to disregard that.

THE COURT: Counsel, I do not think that there is any inference at all that you made any such statement. Do you have an objection?

[Defense Counsel] Yes, sir, I object to the argument of counsel as not being responsive to my argument.

THE COURT: All right, sir. Objection overruled.

■ The test applied to determine whether a prosecutor has engaged in improper and prejudicial argument is whether substantial rights of the defendant may have been affected. *See United States v.*

*Bell,* 535 F.2d 886 (5th Cir. 1976); *United States v. Rhoden,* 453 F.2d 598 (5th Cir.), *cert. denied,* 406 U.S. 947, 92 S.Ct. 2050, 406 U.S. 947 (1972). The prosecutor's statement, "There is no conflict in the testimony of any of the witnesses in this case . . ." was not a comment on the appellant's failure to testify; it was merely a characterization of the consistency of the testimony of the government witnesses. The remainder of the argument is based on a reasonable inference. The trial court quite correctly informed the jury that the arguments of counsel were not evidence and fully instructed it concerning the reasonable doubt standard and the government's burden of proof, and on its role as the sole judge of credibility. No prejudicial error has been demonstrated with respect to the government's closing remarks.

■ Finally, appellant contends that the court erred in sentencing him on all four counts of the indictment. He argues that he could only be sentenced on the distribution counts, since they involved the same substance as the possession counts. Appellant was sentenced to *concurrent* five-year terms on all four counts; he was subject to a maximum sentence of fifteen years on each non-multiplicitous count, 21 U.S.C. § 841(b)(1)(A). Pursuant to the concurrent sentence doctrine, we need not and do not reach the issue of multiplicity. *See United States v. Rojas,* 502 F.2d 1042 (5th Cir. 1974); *United States v. Workopich,* 479 F.2d 1142, 1147 (5th Cir. 1973).

AFFIRMED.