**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Laurel Joan MORRIS, Defendant-Appellant.**

**No. 76–2403.**

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1978.

---

Gerald H. Goldstein, San Antonio, Tex., Edward A. Mallett, Houston, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy M. Jahn, James W. Kerr, Jr., Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GODBOLD, TJOFLAT, and HILL, Circuit Judges.

HILL, Circuit Judge:

The appellant was convicted on one count of conspiracy to transport and two counts of transporting illegal aliens. 18 U.S.C. § 371 & 8 U.S.C. § 1324(a)(2). She received

a sentence of three years on each count, with one of the substantive counts to run consecutively with the other two counts. The acts of transporting were observed on the United States side of the Mexican border by federal agents who had received an informant's tip.

In this appeal appellant raises two issues: (1) whether the district court erred by refusing to grant appellant's motion for disclosure of the informant's identity or by refusing to conduct an *in camera* inquiry to determine the necessity of such disclosure; (2) whether the closing argument of the prosecutor, which appellant contends expressed his personal belief that appellant was guilty, was so prejudicial as to warrant reversal of appellant's conviction.

## I. *Disclosure of the Informant.*

Before trial, appellant filed a motion for disclosure of the informant's identity, which sought in the alternative ". . . to require the production of said informant for the Court's interrogation in camera . . ." In support of her motion, appellant filed an affidavit in which she stated that the informant was an eye and ear witness to the offense, and that the informant could testify as to the appellant's appearance during the period of the alleged offense, a factor which would lend credence to and corroborate her defense of duress and coercion by a co-defendant and Government witness, Willie Garles (a/k/a Jose Baez-Sanchez).

The trial judge after ascertaining the views of counsel ruled that no disclosure or *in camera* hearing was required. He did, however, state that he would reconsider his ruling if the evidence produced at trial necessitated such action. Apparently the trial judge concluded as the trial progressed that no disclosure or hearing was needed as his previous ruling remains unchanged.

 Application of the informant's privilege must be determined on a case-by-case basis. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1956):

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. 353 U.S. at 62, 77 S.Ct. at 628.

Public policy forbids disclosure of the identity of an informer except where it is essential to the defense. *Scher v. United States*, 305 U.S. 251, 254, 59 S.Ct. 174, 83 L.Ed. 151 (1938); *United States v. Toombs*, 497 F.2d 88, 92 (5th Cir. 1974).

 In this case, appellant contends that the informant could have provided testimony essential to her defense of duress. Indeed, the informant's privilege is somewhat limited, and disclosure will be required where it may be "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause . . . ." *Roviaro, supra*, 353 U.S. at 60–61, 77 S.Ct. at 628. In her affidavit in support of the Motion to Require Disclosure of Government Informer, the appellant stated as follows:

That the Government also acknowledges that said informant was an eye and ear witness to the offense herein charged in particular describing the appearance of the Defendant and co-Defendant, their location at the Hotel San Louis [sic], in Piedras Negras, Republic of Mexico, and of necessity overhearing conversations regarding the purpose of Co-Defendant Jose Baez-Sanchez.

That if said informant were produced by the Government to testify, said informant would exculpate the Defendant and testify that the Defendant did not participate in any such negotiations, conversations, nor indicate her acquiescence in same nor was she present at same, all making such informant's disclosure relevant and material for the defense herein.

The government's theory was that, as part of the conspiracy, appellant and the co-defendant were together at the hotel in Mexico for the purpose of ascertaining the reason for a delay in appearance of the aliens who were to be transported. Appellant asserts that she made the trip to Mexico under duress and that the informer's testimony concerning her appearance and demeanor at the hotel would have tended to support this duress defense.

The Mexican hotel occurrence was only one event in the overall scenario. During trial the testimony of both prosecution and defense witnesses established appellant as a participant in more central events. The value to the appellant of having the testimony of a person who saw her in the hotel in Mexico was slight. Under the balancing test established in *Roviaro*, and weighed against the public interest in maintaining sources of information, the refusal to require identity of the informer was not error.

## II. *The Closing Argument of Government Counsel.*

The appellant contends that the prosecutor made certain remarks during his closing argument which prejudiced her case before the jury in such a manner that a new trial should be granted. The first remark challenged by the appellant is a comment by the prosecutor to the effect that the appellant had brought perjurious testimony for the jury's consideration. The defense counsel objected to the comment, the objection was sustained, but a motion for mistrial based upon the remark was denied.

■ The appellant next objects to statements in which the prosecutor allegedly expressed his own personal belief about her guilt. The prosecutor stated as follows:

Quite apart from Mr. Garles' testimony, there is the testimony from the aliens and there is the testimony from the Government officers who have no interest in this case other than seeing that they are upholding their sworn duty to see that the laws are not violated and that individuals such as Mrs. Morris who violate these Federal laws are brought to justice.

Following defense counsel's objection to the comment, the court instructed the jury as follows:

Well bear in mind, members of the jury, that you can only follow the evidence that you have heard in this case. That's what I'll instruct you. What these lawyers say to you as I have said to you is not evidence. It is merely their conclusions, their beliefs on what the evidence shows, what they think you should do and the inferences you may draw from it.

. . .

The appellant objects to four other separate remarks which allegedly indicated the prosecutor's personal belief that the appellant was guilty.[1]

1. These remarks occurred during various portions of the prosecutor's closing argument:

And if she [Appellant Morris] gets away with this crime because the blame of this case is put on Mr. Garles and not on her, where are we going? What benefit is there in a guilty person getting off?

\* \* \* \* \* \*

Are we performing any public service to this community or to Mrs. Morris herself by letting her get by with this criminal enterprise?

\* \* \* \* \* \*

Her [Appellant Morris'] testimony . . . is totally uncorroborated and has been disproven. The prosecutor also stated: "The Government asks you to do justice by bringing this person before the bar as a convicted person for the criminal actions which are charged in the in-

dictment." After objection, the prosecutor and, subsequently the court, stated as follows: MR. KERR: Your Honor, I didn't mean to suggest that she was convicted.

\* \* \* \* \* \*

THE COURT: She hasn't been convicted of any crime. I will instruct the jury on that. All right, Mr. Kerr.

\* \* \* \* \* \*

The prosecutor's comment obviously requests a conviction in the instant case and has no reference to prior convictions. If any juror interpreted this comment to mean that the defendant previously had been convicted of another crime, the defense counsel's objection, the prosecutor's comment, and the court's instruction were sufficient to negate any resultant prejudice.

Counsel's improper statements in summation is a continuing problem in this Court in civil and criminal jury trials. The purpose of summations is for the attorneys to assist the jury in analyzing, evaluating, and applying *the evidence.* It is not for the purpose of permitting counsel to "testify" as an "expert witness." The assistance permitted includes counsel's right to state his contention as to the conclusions that the jury should draw from the evidence. Therefore, an attorney's statements that indicate his opinion or knowledge of the case as theretofore presented before the court and jury are permissible if the attorney makes it clear that the conclusions he is urging are conclusions to be drawn from the evidence. *See, e. g., United States v. McDowell,* 539 F.2d 435, 438 (5th Cir. 1976); *United States v. Wayman,* 510 F.2d 1020, 1028 (5th Cir.), *cert. denied,* 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975); *United States v. Dawson,* 486 F.2d 1326, 1331 (5th Cir. 1973). In this function, the attorney is expected to perform as an advocate, and it is not improper for him to urge upon the jury that his side of the issue be found to have been established beyond question (though objectivity might demand some less favorable conclusion).

This Court has repeatedly held, however, that an attorney may not say anything to the jury implying that evidence supporting the attorney's position exists but has not been introduced in the trial. It follows that an attorney may not express his personal opinion concerning the merits of the case. He may, as stated, urge a conclusion based on the evidence. *United States v. Diharce-Estrada,* 526 F.2d 637, 641–42 (5th Cir. 1976); *McMillian v. United States,* 363 F.2d 165, 168–69 (5th Cir. 1966); *Dunn v. United States,* 307 F.2d 883, 886 (5th Cir. 1962). An attorney may not express his own opinion as to the credibility of witnesses. *United States v. Herrera,* 531 F.2d 788, 790 (5th Cir. 1976); *United States v. Velasquez,* 496 F.2d 1009, 1012 (5th Cir. 1974); *United States v. Martinez,* 466 F.2d 679, 683 (5th Cir. 1972), *cert. denied,* 414 U.S. 1065, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *United States v. Lamerson,* 457 F.2d 371, 372 (5th Cir. 1972). He may not state that he could have called additional witnesses whose testimony would have supported his version of the case, *Ginsberg v. United States,* 257 F.2d 950, 954–55 (5th Cir. 1958); *Nalls v. United States,* 240 F.2d 707, 709–11 (5th Cir. 1957), and he may not imply that the government would not have brought the case unless the defendant were guilty. *United States v. Lamerson,* 457 F.2d 371, 372 (5th Cir. 1972); *United States v. Brown,* 451 F.2d 1231, 1234–36 (5th Cir. 1971); *McMillian v. United States,* 363 F.2d 165, 167–69 (5th Cir. 1966). In general, an attorney may not inject into his argument any extrinsic or prejudicial matter that has no basis in the evidence. *Dugan Drug Stores, Inc. v. United States,* 326 F.2d 835, 837 (5th Cir. 1964); *Handford v. United States,* 249 F.2d 295, 296–98 (5th Cir. 1958). This is the law in civil suits as well as in criminal suits and for a plaintiff's attorney as well as for a defendant's attorney. *Edwards v. Sears, Roebuck and Company,* 512 F.2d 276, 284–85 (5th Cir. 1975); *Rommel-McFerran Co.` v. Local Union No. 369,* 361 F.2d 658, 661–62 (6th Cir. 1966); *Hall v. Texas & New Orleans Ry. Co.,* 307 F.2d 875, 878–80 (5th Cir. 1962); 6 Wigmore, Evidence § 1806 (3d ed. 1940).

These limitations on attorneys' arguments to juries exist for two reasons. First, an attorney's statement of his beliefs impinges on the jury's function of determining the guilt or liability of the defendant. Second, and more important, an attorney's statement of his beliefs injects into the case irrelevant or inadmissible matter or facts not legally produced into evidence. By giving his opinion, an attorney may increase the apparent probative force of his evidence by virtue of his personal influence, his presumably superior knowledge of the facts and background of the case, and the influence of his official position.[2] If, for

---

2. For an in-depth examination of this subject, see 5 Wharton, Criminal Law and Procedure § 2084 (R. Anderson ed. 1957); 6 Wigmore, Evidence § 1806 (3d ed. 1940); 3 Wright, Fed-

example, an attorney states in his summation that he believes a witness has lied, his statement suggests that he has private information supporting his beliefs.

Thus, an attorney properly may state, "I believe that the evidence has shown the defendant's guilt," *United States v. Wayman,* 510 F.2d 1020, 1028 (5th Cir.), *cert. denied,* 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975), but he may not state, "I believe that the defendant is guilty." Similarly, an attorney properly may state, "No conflict exists in the testimony of the prosecution's witnesses," *United States v. McDowell,* 539 F.2d 435, 438 (5th Cir. 1976), but he may not state, "The prosecution's witnesses are telling the truth," or "I believe that the prosecution's witnesses are telling the truth." *United States v. Lamerson,* 457 F.2d 371, 372 (5th Cir. 1972).

The distinction between the earnest implorings of an advocate of conclusions the jury should draw from evidence and, on the other hand, the statement of counsel of what he believes, personally, about the case, a witness in the case, or any other issue is often not observed. The courts require adherence to the proper side of the line whenever the issue is presented, and such issues usually involve transgressions by prosecuting attorneys. That is as it should be, for chances of prejudice are greater when prosecutors transgress. The prosecutor is not just a retained attorney; he is a public official occupying an exalted station. Should he be allowed to "testify" in closing argument, jurors hear the "expert testimony" of a trusted officer of the court on, perhaps, a crucial issue. On the other side may be appointed counsel, laboring valiantly to present all defenses available to the accused, who nevertheless may be unable to respond to the implied challenge by asserting his personal belief in his assigned client's innocence. The answer is, of course, that the personal conclusions of neither is of any moment; the conclusions to be drawn, by impartial jurors, from the evidence is at issue. The essence of this discussion concerning counsel's improper arguments is stated in DR 7-106(C) of the American Bar Association Code of Professional Responsibility, which states in pertinent part:

> In appearing in his professional capacity before a tribunal, a lawyer shall not:
>
> \* \* \* \* \* \*
>
> (4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.

Applying the law to the case before us, we find that the prosecuting attorney committed an error when he stated that the government officers who testified had no interest in the case other than upholding the law.[3] We are dismayed that an attorney would make this statement to a jury despite the Court's repeated disapproval. *United States v. Herrera,* 531 F.2d 788, 789–90 (5th Cir. 1976); *United States v. Martinez,* 466 F.2d 679, 683 (5th Cir. 1972), *cert. denied,* 414 U.S. 1065, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *United States v. Lamerson,* 457 F.2d 371, 372 (5th Cir. 1972); *McMillian v. United States,* 363 F.2d 165, 167–69 (5th Cir. 1966). The prosecuting attorney's aggrandizement of his government witnesses' credibility is error.

Although the prosecutor's statement constitutes error, it is not reversible error. Error must be regarded as harmless if, upon an examination of the entire record, substantial prejudice to the defendant does not appear. *Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); Fed.R.Civ.P. 61. The trial judge in this case instructed the jury immediately after the prosecutor's statement that the attorneys' statements are not evidence to be considered by the jury. The defendant's rights were sufficiently protected.

eral Practice and Procedure § 842 n. 9 (1969); Annot., 50 A.L.R.2d 766 (1956).

**3.** No evidence was offered seeking to prove bias or prejudice on the part of these witnesses.

We find that the other statements challenged by the defendant do not constitute error. Although the prosecutor came very close to the line of demarcation between permissible and impermissible statements, he drew back without seeking a conviction based on the jury's repose of confidence in his private opinion. If any juror might have interpreted the prosecutor's remarks as reaching or crossing the line, the trial judge's repeated instructions that the jury must not consider the attorneys' arguments as evidence were sufficient. The prosecutor is reminded, however, that although a United States attorney has an obligation to conduct the government's case zealously, he also has an obligation to try the case fairly and with due regard for the accused's rights.

Finally, the appellant contends that one of the prosecutor's remarks suggested prior crimes by the appellant:

> . . . I am only going to make one comment concerning the testimony of the sister, the best friend. . . . She established that because Mrs. Morris travelled, they had to have a signal, a telephone signal whereby she can check on her children. Now, what does that suggest to you? This isn't the first time that she has gone off and spent all night.

The appellant's objection to this remark was overruled. There is some doubt that this comment even indicates prior criminal activity on the part of the appellant. Indeed, the Government argues that the comment simply indicated that appellant's use of a signal inferred that she had left her children overnight on previous occasions. Nonetheless, assuming *arguendo* that the prosecutor's comment was interpreted by the jury as indicating prior misconduct by the appellant, we find that the evidence was "substantially relevant for some other purpose than to show a probability that [she] committed the crime on trial because [she was] a [person] of criminal character." *United States v. Johnson*, 453 F.2d 1195, 1197 (5th Cir. 1972). The testimony concerning previous conduct showed a consistent pattern or scheme, *United States v.*

*Hayes*, 444 F.2d 472 (5th Cir. 1971), as well as similarity of method, *United States v. Jackson*, 451 F.2d 259 (5th Cir. 1971). In light of the appellant's defense of duress, the evidence was relevant to show a pattern of conduct culminating in the offense charged.

AFFIRMED.