## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 98-11494
### Summary Calendar
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MICHAEL DEWAYNE WILSON,**

**Defendant-Appellant.**

_____

### Appeal from the United States District Court
### for the Northern District of Texas
### (4:98-CR-10-1-A )
_____

### September 28, 1999

Before SMITH, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Michael Dewayne Wilson appeals his conviction and sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).

First, he claims that the court abused its discretion by admitting into evidence, over his objection, the cocaine base seized from his home. Because the Government made a *prima facie* showing of authenticity, the evidence was properly admitted, leaving the jury to determine whether the cocaine base was the same

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as that seized from Wilson's residence. *See* **United States v. Sparks**, 2 F.3d 574, 582 (5th Cir. 1993).

Next, Wilson maintains that the court erred in overruling his objection to certain of the Government's comments during closing. However, the Government was responding properly to defense counsel's interpretation of the evidence. *See* **United States v. Parker**, 877 F.2d 327, 332 (5th Cir. 1989); **United States v. Morris**, 568 F.2d 396, 401 (5th Cir. 1978).

Finally, Wilson asserts that the court abused its discretion in denying his downward departure motion, claiming that the guidelines do not adequately account for his harsh upbringing. He also contends that he is entitled to the departure because the guideline range for cocaine base is unconstitutional when compared to that for cocaine powder. The district considered the merits of Wilson's motion and denied it. Therefore, we lack jurisdiction to review that denial. E.g., **United States v. Palmer**, 122 F.3d 215, 222 (5th Cir. 1997). As for the constitutionality of the guidelines' treatment of crack and powder cocaine, as Wilson concedes, it has been consistently upheld. *E.g.,* **United States v. Buchanan**, 70 F.3d 818, 828-29 nn.9-10 (5th Cir. 1995).

*AFFIRMED*