76,398-03

JAMAL MARTINEZ HANCOCK #1133210
899 F.M. 632 Connally Unit
Kenedy , Texas 78119

Janurary 7,2015


LOUISE PEARSON
COURT CLERK
COURT OF CRIMINAL APPEALS
P.O. BOX 12308
AUSTIN , TEXAS 78711-2308

RE: Applicant's Objection to State's Reply,Findings of fact, and
    Conclusions of Law , and recomendation.

Dear Clerk,

Please find enclosed Applicant's Objecton , that is filed pursuant
to the Texas Rules of Appellate Procedure , Rule **73.4(2)**.

The applicant received the State's Reply , Findings of Fact ,
Conclusions of Law , and Recomendation on December 29,2014 , and
timely files this Objection by placing it in the U.S. Mail on
this 7th day of Janurary , 2015.

Applicant ask that you please file this objection with the Court ,
attach any necessary numbers , that applicant may have overlooked ,
as you bring it to the court's attention.

Thank you very much for time and help in this matter.


                                    Respectfully submitted ,


RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

CAUSE NO. 926994-B

EX PARTE                                §    IN THE 179TH DISTRICT COURT

                                        §              OF

JAMAL MARTINEZ HANCOCK,                 §       HARRIS COUNTY , TEXAS
            Applicant.
                                        §

    APPLICANT'S OBJECTION TO STATE'S REPLY , FINDINGS OF FACT ,
         CONCLUSIONS OF LAW , AND RECOMENDATION FOR DENIAL .

TO THE HONORABLE COURT OF CRIMINAL APPEALS :
    COMES NOW YOUR Applicant,JAMAL MARTINEZ HANCOCK,Pursuant to
Texas Rules of Appellate Procedure,Rule 73.4(2),applicant respect-
fully Objects to the State's Reply,Findings of Fact,Conclusions of
Law,and Recomendation to deny relief.
    The Applicant finds the State's representation of the facts is
erroneous,and the State's application of law in its Conclusions as
it applies to the facts of applicant's claims do not conform to
U.S.Supreme Court precedent. Applicant's Objections are based on
the following findings :

            OBJECTIONS TO THE STATE'S FINDINGS OF FACT

OBJECTION NUMBER ONE :

In **State's Findings of Fact at 7** the District court errored in
finding that " the night of the shooting,Randy Diemert described
the shooter as being a short black guy,wearing a shirt,pants,
and ballcap " , because on the night of the shooting Diemert gave
detectives the following description of the shooter :

" The guy who shot was a black male in his mid 20's.He was about
  5'7" or 5'8".He was alittle shorter than the guy he was arguing
  with.He had a medium build.He had a lighter complexion for a
  black male.He was wearing a reddish colored shirt and brownish
  colored pants.The clothes were loose fitting.He had a cap on."

(See:Attached Exhibit A,which is same as Exhibit A of Applicant's
 Memorandum of Law in Support).

OBJECTION NUMBER TWO
            OBJECTIONS TO THE STATE'S CONCLUSIONS OF LAW

OBJECTION NUMBER ONE :

The district court in its **Conclusion of Law at 1** has erroneously
determined that applicant has forfeited his claim that the the
in-court identification was impermissibly suggestive because he
could have raised it on direct appeal , because this conclusion is
contrary to State and U.S.Supreme Court law , and the court has
misstated the applicant's claim.

The applicant's claim specifically is that the in-court identi-
fication procedure,in which the only eyewitness identified the
applicant as shooter,was so suggestive and conducive to mistaken
identification that the State's use of the identification testimony
denied applicant of the due process guaranteed by the 5th and 14th

1

Amendments of the U.S.Constitution,thus denying applicant a fair trial. (See: Applicant's Writ at pg.6).

Therefore,the court's conclusion is error because convicted felony defendants may utilize Article 11.07 to challenge the denial of a fundamental or constitutional rights. Exparte Williams,65 S.W.-3d 656(Tex.Crim.App.2001). The U.S.Supreme Court has held that the identification of a defendant in a manner that suggest whom the witness should identify is a denial of his 5th and 14th Amendment Constitutional rights to due process of law. Manson v. Brathwaite, 97 S.Ct. 2243 , 2263(1977).
The Texas Court of Criminal Appeals has long recognized the cognizability of a due process claim in original habeas corpus proceedings. Exparte Brandley,781 S.W.2d 886(Tex.Crim.App.1989); (citing Exparte Bush,166 Tex.Crim.259,313 S.W.2d 287(Tex.Crim.App.-(1958). Therefore,applicant's claim , of constitutional dimensions, based upon controverted,previously unresolved facts which are material to his confinement is properly before the Court of Criminal Appeals. Exparte Adams,768 S.W.281(Tex.Crim.App.1989).

OBJECTION NUMBER TWO :

Applicant respectfully objects to the **State's Conclusions of Law at 2,3,4,and 5** because in these conjoined conclusions the district court has erroneously determined the applicant's trial counsel was not ineffective for failing to object to the in-court identification testimony of Randy Diemert , because the trial court would not have committed error in overruling the objection if counsel had objected to it. The court's conclusions are erroneous for the following reasons:

First , the district court has erroneously applied the incorrect legal standards for determining the admiisibility of Diemert's in-court identification , because the applicant did not claim trial trial counsel should have objected to Diemert's identification on the ground that the identification is inadmissible because it had been tainted by an impermissibly suggestive pretrial identification. (See: **State's Reply at pg.3**)

On the contrary , Applicant's claim is that counsel was ineffective for failing to move to suppress the in-court identification of Diemert , who failed to positively identify applicant in the pre-trial photographic lineup , because the in-court identification procedure was impermissibly suggestive in such a manner that the likelihood of misidentification was so substantial it denied the applicant of the right to due process guaranteed by the 5th and 14th Amendments of the U.S.Constitution. (See: **Applicant's Writ at pg.8**). The Due Process Clause protects accused individuals from the use against them of evidence derived from unreliable identification that results from impermissibly suggestive procedures. Manson v. Brathwaite , 432 U.S. 98 , 97 S.Ct.2243 , 53 L.Ed. 2d 140(1977); U.S. v. Sanchez , 988 F.2d 1384,1389(5th Cir.1993).

Thus,the court's application of Ibarra v. State,11 S.W. 3d 189, 195(Tex.Crim.App.1999) to the facts of applicant's claim was error,

2

because the legal standard in Ibarra applies when the claim is that the " identification is inadmissible because it has been tainted by an impermissibly suggestive pretrial identification ". **Id.at 195.**

Moreover , applicant's claim was that Diemert's in-court identification was inadmissible because the in-court procedure was impermissibly suggestive in such a manner that the risk of misidentification was so substantial it violated his due process.

Therefore , the admissibility of identification evidence is governed by a two-step test under which the court ask first , whether the identification procedure was impermissibly suggestive and ; second , whether the procedure posed a " very substantial likelihood of irreparable misidentification. ". Sanchez , 988 F.2d at 1389(quoting-Simmons v. United States , 390 U.S. 377 , 384 , 88 S.Ct. 67 , 971 , 19-L.Ed. 2d 1247) . If the answer to both questions is " Yes " , the identification is not admissible."The gravamen of the determination is fairness and reliability." Sanchez , 88 F.2d at 1389.

> "With respect to the first prong of the test,the U.S.Supreme Court has ruled that showing the accused singly for purpose of identification is unnecessarily suggestive and conducive to irreparable mistaken identification,which constitutes a a denial of due process law."

Brathawaite , 97 S.Ct. 2243 at 2248(1977).

The second prong of the test is to consider the reliability of the identification. The Five factors to be considered in determining the likelihood of misidentification are :

> 1)the opportunity of the witness to observe the criminal at the time of the crime;2)the witness's degree of attention; 3)the accuracy of the witness's prior description;4)witness's level of certainty;and 5)the time between the crime and the identification.

U.S. v. Rogers , 126 F.3d 655 at 658(5th Cir.1997)(Quoting Neil v.-Biggers , 409 U.S. 188 , 199 , 93 S.Ct. 375 , 382 , 34 L.Ed. 2d 401-(1972).

The District court's application of the **Biggers analysis** is erroneous , because the court failed to consider the " totality of the circumstances " such as : **1)**the lack of accuracy in Diemert's prior description , which resulted from the district court's error of accouting Diemert's trial testimony as the description he gave detectives(prior description) the night of the shooting . (See: **Applicant's Objection to State's Findings of-Fact at Number One**) . Although , applicant has presented Diemert's prior description to the court , it has failed to consider the prior description in its determination. (See: **Attached Exhibit A,- Which is same as Exhibit A of Applicant's Memorandum of Law in - Support ; See also Applicant's Memorandum in Support at pg.18**) ;

**2)**the court failed to consider the"time between the crime and the identification" ,which is a serious factor considering the crime occured on May 3,2002 and the identification took place on October 24,2002. (See:**Applicant's Memorandum in Support at pg.20**) and ;

3

3)the district court failed to consider the inability of Diemert to recognize applicant in a fair nonsuggestive pretrial photographic lineup ten days after the shooting,despite his opportunity to observe applicant at close range in a well lit area of the parking lot.

Thus , court's application of the Biggers legal standard was error, because whether the suggestive arrangement in the courtroom will create a substantial risk of misidentification may depend on the strength an propriety of the initial identification. U.S. v. Beeler,- 62 F.Supp. 2d 136 at 144(Quoting Biggers, 409 U.S. at 199-200,93- S.Ct. at 382). Here,it's particularly so because Diemert failed to initially identify applicant in circumstances free of suggestion; having scrutinized an array that included applicant's photo , Diemert was unable to identify applicant.

Therefore, court's determination that Randy Diemert's in-court identification is " admissible and reliable " (**State's Conclusion of Law at 3 and 5**), along with the court's application of the Biggers legal standard(**State's Conclusion of Law at 4**)is erroneous, because the court's conclusions are contrary to clearly established U.S. Supreme Court Law. More to the point , had trial counsel objected to Diemert's in-court identification on the ground that the procedure is impermissibly suggestive in such manner that the likelihood of misidentification violates applicant's due process ,and the trial court were to overrule counsel's objection , and permitt Diemert to identify applicant in-court when he seated at the defense table next to counsel ; the court would have comitted error, because then it would be a case where an earlier failure of identification is overcome by an impermissibly suggestive procedure , the very type of situation sought to be replicated by the U.S.Supreme Court in Biggers. Beeler , 62 F.Supp. 2d at 144.

The district court in its **Conclusion of Law at 2** has erroneously determined applicant's trial counsel was not ineffective for failing to object to Diemert's in-court identification., because the indentification was the result of an impermissibly suggestive identification procedure , that violated applicant's Constitutional rights.

OBJECTION NUMBER THREE :

The district court in its **Conclusions of Law at 6** has erroneously determined the applicant fails to establish that the results of the proceeding would have been different if trial counsel would have made a hearsay objection to Diemert's testimony regarding his written statement , because the court has reached its conclusion by addressing a portion of Diemert's testimony and out- of-court statement , that is not the subject of applicant's claim. (See : **State's Reply at pgs.7-10**).

On the contrary , applicant's claim is that the prosecutor elicited the following on direct examination of Diemert :

Q.(By MS.VOLLMAN) What did you think about that when you heard that?
A.I thought it odd- - because he was the one that was doing

4

the shooting - - for him to be making that statement.
(RR Vol.5 , pg.161).

And , after cross examination that did not include any mention of
" What Diemert thought about the statement the shooter made " ,
the prosecutor on redirect came under guise of clarifying , and
read to the jury the following :

Q.(By MS.VOLLMAN) The black guy ran to the door and yelled
that someone was shooting over there. And I thought that
was stupid , because he was the one who was doing the
shooting. Is that what it say?
A.That's what it says , yes.
(RR Vol.5,pg.196) .

(See: **Applicant's Memorandum in Support at Pgs.23-26**).

Moreover , Diemert's out-of-court statement , that is consistent
with his trial testimony , was offered for its truth ; because ,
the state was trying to prove applicant was the shooter when it
offered the statement to the jury . Schaffer v. State , 777 S.W. 2d-
114 , 115(1989) .

Therefore , the applicant has shown the court that counsel's rep-
resentation was deficient ,when he failed to object to the
inadmissble hearsy(first prong of Strickland) , and that a"reason-
able probability" does exist , that but for counsel's unprofess-
ional errors , the result of the proceeding would have been differ-
ent ; because , had counsel properly objected to the state's admiss-
ion of this inadmissible hearsay evidence., the jury would not have
considered this evidence in its determination of applicant's
guit or innocence(second prong of Strickland). Strickland , 466-
U.S. at 694 . Thus , the district court has errored in its appli-
cation of the Strickland standard.

OBJECTION NUMBER FOUR :

The district court in its **Conclusion of Law at 10** has erroneously
determined applicant fails to overcome the presumption that trial
counsel's decision to elicit the applicant's criminal convictions
is outside the range of reasonable professional assistance ,because
the court reached its conclusion through an incorrect application
of the legal standard set by the U.S. Supreme Court in Strickland.
466 U.S. 668 , 104 S.Ct. 2052 , 80 L.Ed. 2d 674(1984).

Specifically , the court errored in its application of Strickland
when it failed to conduct the " two-pronged analysis " set forth
in Strickland. , because the court failed to determine the admiss-
ibility of applicant's prior conviction for sexual assualt ; which
is the first prong of the test , because applicant's claim is that
counsel is ineffective for eliciting applicant's inadmissible
prior conviction for sexual assualt , that was prejudicial and had
no strategic value in the guilt- innocence phase of trial.
(See: **Applicant's Memorandum In Support at pgs.33 & 35**) .

Consequently , the district court's application of the Strickland

5

legal standard is error , which resulted in the **State's Conclusions of Law at 10** being erroneous.

OBJECTION NUMBER FIVE :

The district court in its **Conclusion of Law at 11** errored in determining applicant fails to overcome the presumption that trial counsel's decision to elicit the applicant's criminal convictions was not the result of sound trial strategy , because the court's conclusion is contrary to clearly established State and Federal law , which has held the following :

> "..To pass over the admission of prejudicial and arguably inadmissible evidence may be strategic ; to pass over the admission of prejudicial and clearly inadmissible evidence, as here,has no strategic value.."

Exparte Menchaca , 854 S.W. 2d 128 , at 132(Tex.Cr.App.1993)(quoting-Nero v. Blackburn , 597 F. 2d 991(5th Cir.1979).

The court's assumption that counsel's decision to place applicant on the stand , under a theory so tenuous as to believe admission of previous criminal acts would demonstrate credibility is error , (See:**State's Reply at pg.13**) where applicant's trial defense is " Not guilty - Mistaken identification " ,because his defense rested entirely on his credibility. Thus, the weight of authority supports a holding that applicant's trial counsel performed deficiently under the first prong of Strickland by allowing the jury to hear prejudicial and clearly inadmissible evidence, because this evidence could serve no strategic value ,including demonstrating that applicant is not a liar. Robertson v.State , 187 S.W. 3d - 475 , at 484(Tex.Crim.App.2006)(Quoting Exparte Menchaca , 854 S.W.- 2d 128 , at 131-33(Tex.Crim.App.1993)).

Therefore , the court has errored in its conclusion , because the applicant's claim demonstrated to the court that the prior conviction was inadmissible and that there could be no strategic value in counsel eliciting the inadmissible prior(See: **Applicant's Memorandum in Support at pgs 32-39**) , that is a crime of violence like the charge applicant faced at trial , and counsel needlessly "opened the door " for the prosecution to use this " otherwise " inadmissible prior to destroy applicant's defense and credibility in a case that is based on circumstantial evidence. Thus , the district court has errored in this conclusion.

OBJECTION NUMBER SIX :

The district court has erroneously determined in its **Conclusions of Law at 12** that a prosecutor may argue his opinion regarding a witness's credibility if the opinion is based on a reasonable deduction from the evidence and does not constitute unsworn testimony , because this conclusion is contrary to clearly established State and U.S.Supreme Court Law, holding :

> " An attorney may not express his own opinion as to the

6

credibility of witness. "

United States v. Morris , 568 F. 2d 396 ; 1978 U.S.LEXIS 12446[HN5]-pg.401-402(Quoting U.S. v. Martinez , 414 U.S. 1065 , 94 S.Ct. 571 ,- 38 L.Ed. 2d 469(1973).

In addition , although an attorney may make statements that indi- cate his opinion or knowledge of the case(but not credibility) , the prosecutor has to make it " clear " that the conclusions he is urging are conclusions "to be drawn from the evidence." Morris , 568 F.2d 396 , at 401[HN3](Quoting U.S. v. Wayman , 510 - F. 2d 1020 , 1028(5th Cir.),cert. denied, 423 U.S. 846 , 96 S.Ct.- 84 , 46 L.Ed. 2d 67(1975).

For instance ,prosecutor may state , " I believe the evidence has shown that although Randy Diemert failed to identify applicant prior to trial , he was able to identify him in court " , but he may not state , " But what's interesting about is,and why his identi- fication of the defendant as the shooter is so credible,is because he did not identify him at first.." , or " That's why he goes,you know what?That's the guy that I saw who was arguing. And that's your shooter. And that's credible.." , nor can he say " Isn't that credible of someone to do? " , as the prosecutor did in this case. (See: **Applicant's Writ at pg.14**(ground six),**and Applicant's Memo- randum In Support at pg.40). Id.**

These three statements by the prosecutor violated the long stand- ing rule that a prosecutor "may not " inject personal opinions con- cerning the credibility of a witness into statements to jury,be- cause judging the credibility of a witness is within province of jury , not prosecutor. Vasquez v. State , 819 S.W. 2d 932 , at 936 - (Tex.App.-Corpus Christi 1991).

Thus , the court has errored in its application of law to the facts of the applicant's claim , because the court's conclusions are con- trary to U.S Supreme Court precedent.

OBJECTION NUMBER SEVEN :

In its **Conclusions of Law at 13** the district court has erroneously determined the prosecutor's argument , that Diemert's identificat- ion was credible , was proper response to trial counsel's argument , because although prosecutor may answer to argument of opposing counsel ; the prosecutor in his response still has to make it " clear " that the conclusions he is urging are conclusions " to be drawn from the evidence " (See: **Applicant's Objection number- Six**) , and the prosecutor is still forbidden from speaking on the credibility of a witness. Morris ,568 F. 2d 396 , 401-402(5th Cir.- 1978)(Quoting Wayman , 423 U.S. 846 , 96 S.Ct. 84 , 46 L.Ed. 2d 67 - (1975).

Therefore , the district court errored in reaching it conclusion , that prosecutor's argument on credibility was proper , because the court's application of the legal standard for " jury argument " is incorrect ; because , the court's interpretation is contray to U.S. Supreme precedent.

7

OBJECTION NUMBER EIGHT :

The applicant objects to the **State's Conclusions of Law at 14 & 15** because these determinations are erroneous ,where district court has failed to adequately develop the facts relevant to applicant's claims, and has misstated the applicant's claims ; thus, resulting in the court applying the law contrary to U.S. Supreme Court precedent.

    Accordingly , applicant respectfully request that the Texas Court of Criminal Appeals grant habeas relief , by finding Applicant's trial counsel was ineffective , and that the applicant's conviction and sentence were improperly obtained , through the denial of the applicant's U.S. Constitutional rights to due process and a fair trial.; because , applicant's right to a fair trial is also hinged on the effective assistance of counsel.

    At the least , applicant ask that this Honorable Court order the trial court to hold an extensive hearing, that is full and fair , to develop the facts and conclusions of law that are relevant to applicant's claims , pursuant to this application. Tex.Code Crim.-Proc. Ann. art. 11.07 , Sec. 2 .

Respectfully submitted ,

Jamal Martinez Hancock
#1133210 T.D.C.J-ID
899 F.M. 632 Connally
Kenedy , Texas 78119

## CERTIFICATE OF SERVICE

Applicant certifies that a true and correct copy of the foregoing has been forward by U.S. Mail to the following:

CHRIS DANIEL
HARRIS COUNTY DISTRICT CLERK
P.O.BOX 4651
HOUSTON , TEXAS 77210-4651

**EXHIBIT A**

STATE OF TEXAS §
COUNTY OF HARRIS §

CASE #: 02-05030180

**BEFORE ME** the undersigned authority, personally appeared Randy Gene Diemert, known to me to be the person who subscribed his name below, who, after having first been duly sworn by me, on oath deposes and says:

My full name is Randy Gene Diemert and I am a White Male, 43 years of age. My date of birth is 11-03-58. My Social Security number is 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 and my Driver's License or Identification number is 08363495, State of Texas. I reside at 2126 Schilder Drive, Houston, Texas 77093 with my family. My home telephone number is (713) 695-9711. I am employed at Yellow Cab, located at 1406 Hayes, Houston, Texas. My business telephone number is (281) 872-6453. I am a student at N/A in the          grade.



*I have been informed that under the Penal Code of the State of Texas, Section 37.02; A person commits the offense of "Perjury" if, with the intent to deceive, and with the knowledge of a statements meaning, he makes a false statement under oath or swears to the truth of a false statement previously made, and the statement is required or authorized by law to be made under oath.*

---



I am an independent contractor for Yellow Cab. I drive cab number 612. I went to the St. James Club on Rankin Road on May 3, 2002. I got there a little after 1:00 a.m. I parked in front of the club to wait for a fare. As I arrived there was a black guy and a white in front of the club arguing. They were in the parking lot slightly off the front porch. They were in each other's face. Moses the valet man was near them also. *R. D.*

I pulled over and parked my cab in front. Shortly after that, the black guy that was arguing with the white guy ran towards the exit of the club. It looked like he was running after the beige SUV. The car was slightly out of the parking lot and the black guy shot a gun at the SUV. He fired about 5 or 6 rounds. The black guy then ran back toward the front of the club. I didn't see what he did with the gun. I didn't see what the gun looked like, but it must have been an automatic because he fired the shots so fast. *R. D.*

The black guy ran to the door and yelled that someone was shooting over there. I thought that was stupid because he was the one who was doing the shooting. I had a call at the Houston Dolls Club. I waited for the commotion to stop before I pulled out. When I pulled out of the lot I saw the SUV in the ditch down the streetfrom the club. I then called

911 from my cell phone. I pulled up to the car, but I couldn't see anyone inside. I didn't get out of the cab though. *R.D.*

*R.D.* The guy who shot was a black male in his mid 20's. He was about 5'7" or 5'8". He was as little shorter than the guy he was arguing with. He had a medium build. He had a lighter complexion for a black male. He was wearing a reddish colored pull over shirt and and brownish colored pants. The clothes were loose fitting. He had a ball cap on. *R.D.*

*R.D.* After seeing the SUV I went back to the club to tell them what happened. I asked Moses the valet guy where the guy was who did the shooting. Moses said he left. I went and picked up my fare. At about 2:15 a.m., I got a message on my message computer to call dispatch. They then told me to return to the club to make a statement to the police and that is what I did. *R.D.*

*R.D.* I am able to read and write the English language and I have read this statement which I have made consisting of two (2) typed page(s) and I find it to be true and correct to the best of my knowledge.

Randy Gene Diemert

SWORN AND SUBSCRIBED to before me, the undersigned authority, while engaged in, and related to, the performance of my duties as a peace officer on this the 3rd day of May, 2002.

Harris County Sheriff's Department