TAYLOR, Presiding Judge
(dissenting).
I respectfully dissent from the unpublished memorandum in this case.
The majority concludes that the prosecutor’s statement in closing argument, “And I would certainly submit to you that everything that they told you on that stand was absolutely the truth about what happened there that day,” was not a comment that vouched for the credibility of the witnesses and did not imply that there was information not before the jury that supported the witness’s testimony.
Attempts by the prosecution to bolster the credibility of witnesses have been condemned by the United States Supreme Court in Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), and United States v. Young, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). The United States Supreme Court in Berger stated the reasons behind this rule:
“The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor — indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.
“It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.”
295 U.S. at 88, 55 S.Ct. at 633, 79 L.Ed. at 1321.
The United States Supreme Court in Young, 470 U.S. at 18-19, 105 S.Ct. at 1048, 84 L.Ed.2d at 14, also stated the following concerning these types of comments:
“The prosecutor’s vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused poses two dangers: such comments can convey the impression that evidence not presented to the jury, but known *964 to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant’s right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor’s opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government’s judgment rather than its own view of the evidence. See Berger v. United States, 295 U.S. at 88-89, 55 S.Ct. at 683.”
(Emphasis added.)
‘"Vouch” is defined in the unabridged version of the Random House Dictionary of the English Language 2133 (2d ed.1987) as “1. to support as being true, certain, reliable, etc. ... 2. to attest; guarantee; certify.” As the majority correctly states, the test to determine whether a prosecutor has vouched for a witness’s credibility was set out by this court in Parker v. State, 587 So.2d 1072 (Ala.Cr.App.1991):
“ ‘ “Attempts to bolster a witness by vouching for his credibility are normally improper and error.” United States v. Ellis, 547 F.2d 863, 869 (5th Cir.1977). The test for improper vouching is whether the jury could reasonably believe that the prosecutor was indicating a personal belief in the witness’ credibility. United States v. Roberts, 618 F.2d 530, 537 (9th Cir.1980) (citing Ellis, supra ). This test may be satisfied in two ways. First, the prosecution may place the prestige of the government behind the witness, by making explicit personal assurances of the witness’ veracity. See United States v. Lamerson, 457 F.2d 371, 372 (5th Cir.1972); Gradsky v. United States, 373 F.2d 706, 709-10 (5th Cir.1967). Secondly, a prosecutor may implicitly vouch for the witness’ veracity by indicating that information not presented to the jury supports the testimony. See United States v. Brooklier, 685 F.2d 1208, 1218 (9th Cir.1982) (explaining United States v. Roberts, 618 F.2d 530 (9th Cir.1980)).’
“United States v. Sims, 719 F.2d 375, 377 (11th Cir.1983), cert. denied, 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984).”
Parker, 587 So.2d at 1095. (Emphasis added.)
The prosecutor’s conduct in this case violates the first test articulated in Parker. The prosecutor gave his personal assurance that the witnesses told the truth on the stand.
This court in Parker recognized that statements substantially similar to the comment in this case were “improper attempts to bolster witnesses by vouching for their credibility.” 587 So.2d at 1094. In Parker, however, there was no objection to the comments, and we held that the comments did not rise to the level of “plain error.” There was an objection in this case. In United States v. Lamerson, 457 F.2d 371 (5th Cir.1972), the court reversed a judgment when the prosecutor stated “I firmly believe what they said is the truth. I know it is the truth, and I expect you do, too.” This comment was also substantially similar to the comment made in this case.
Further, this court recognized in Guthrie v. State, 616 So.2d 914 (Ala.Cr.App.1993), that comments vouching for the credibility of state’s witnesses are not harmless under the standard articulated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). “The proper inquiry here is not whether the evidence of guilt is overwhelming, but whether a substantial right of the appellant has or probably has been adversely affected.” Guthrie, 616 So.2d at 931. Who can say that the comment by the prosecutor did not sway the jury?