United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-10635
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFF HENDRICKS; DAVID OVERBEY,

Defendants-Appellants.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-296-3-H

———————————————————————

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jeff Hendricks ("Hendricks") was convicted by a jury of conspiring to possess with the intent

to distribute more than 500 grams of methamphetamine ("Count 1") and conspiring to possess a List

I chemical knowing it would be used to manufacture methamphetamine ("Count 2"). David Overbey

("Overbey") was only convicted on Count 1. Hendricks and Overbey appeal their respective

convictions.

**I. STANDARD OF REVIEW**

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

When defendants argue that insufficient evidence existed to support their convictions, we review for plain error if the defendants failed to move for an acquittal. *United States v. McCarty*, 36 F.3d 1349, 1358 (5th Cir. 1994). When defendants complain of errors at trial (e.g, improper jury instructions, improper remarks by the prosecutor, or a deficient jury verdict form), we review for plain error if the defendants failed to object to the alleged errors at trial. *United States v. Olano*, 507 U.S. 725, 731-37 (1993). This Court may only notice and correct forfeited errors that are plain and affect substantial rights. *Id.* at 732.

## II. DISCUSSION

First, Hendricks argues that there was insufficient evidence at trial to support his conviction on Count 1. Specifically, he asserts that the evidence is circumstantial and does not show any intent on his part to become part of the conspiracy or any voluntary acts in furtherance of the conspiracy.

There is sufficient evidence to support Hendricks' convictions. Hendricks performed services and provided material support for the production of methamphetamines for at least one year. In addition, the testimony of the DEA chemist and others indicated that at least 500 grams of methamphetamines, but likely far more, were involved in the conspiracy. On the basis of this evidence, we find no plain error by the district court.

Second, Hendricks argues that the evidence was insufficient to support his conviction on Count 2. Specifically, he asserts that he did not go into Sam's Club to purchase pseudophedrine and that he did not know what was being purchased. The record indicates that he waited in the car while another person went into Sam's Club to purchase pseudophedrine. However, the record also indicates that Hendricks transported and personally handled the pseudophedrine. On the basis of this evidence, we find no plain error by the district court.

Third, Hendricks and Overbey argue that the district court's responses to questions from the jury amounted to a directed verdict. Hendricks and Overbey failed to object to the district court's responses at trial, thus we review for plain error. Taking the jury instructions as a whole and viewing the evidence supporting the convictions, we find no plain error by the district court.

Fourth, Overbey argues that the prosecutor improperly expressed his opinion on the merits of the case and improperly suggested that the Government only prosecutes the guilty. *United States v. Lamerson*, 457 F.2d 371, 372 (5th Cir. 1972) (holding that it is reversible error for a prosecutor to express his personal opinion on the merits of the case or to imply that the Government only prosecutes the guilty). Overbey failed to object to the prosecutor's remarks at trial, thus we review for plain error. The district court explained to the jury that remarks made by counsel are not evidence. This explanation had an obvious impact: the jury did not convict Overbey on Count 2. Furthermore, there was substantial evidence supporting Overbey's conviction. On the basis of this evidence, we find no plain error by the district court.

Fifth, Overbey argues that the jury verdict form is deficient because it only asks whether Overbey was responsible for 500 grams of methamphetamine, not whether he intended to distribute that amount of methamphetamine. Overbey failed to object to the prosecutor's remarks at trial, thus we review for plain error. We assess whether jury instructions as a whole present a correct statement of the law. *United States v. Young*, 282 F.3d 349, 353 (5th Cir. 2002). Even if the verdict form is deficient, the jury instructions as a whole require the jury to find that Overbey "agreed to possess with the intent to distribute, and agreed to distribute" a mixture and substance containing a detectable amount of methamphetamine. On the basis of this evidence, we find no plain error by the district court, and the jury's verdict satisfied the requirement that the jury must find beyond a reasonable doubt any facts increasing the penalty for a crime beyond the prescribed statutory maximum.

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Sixth, Hendricks argues that he was entitled to a downward adjustment under U.S.S.G. § 3B1.2 for being a minor participant. The district court's determination that Hendricks was not a minor participant is a factual finding that we review for clear error. *United States v. Virgen-Moreno*, 265 F.3d 276, 296 (5th Cir. 2001).

A minor-role adjustment is generally appropriate only when the "defendant was substantially less culpable than the average participant." *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995) (citation omitted). A review of the record reveals that Hendricks was not substantially less culpable than the other participants involved in the conspiracy. Hendricks acted as a drug courier, obtained manufacturing supplies, moved manufacturing equipment, and purchased a pager and a phone for the conspiracy's leader. Thus, the district court did not clearly err when it refused to award him a downward adjustment for being a minor participant.

Seventh, Hendricks and Overbey challenge the finding in their presentence reports ("PSR") that they reasonably foresaw that 18 kilograms of methamphetamine was attributable to the conspiracy. Hendricks and Overbey also challenge their sentences based on that drug quantity determination. The district court's determination of the quantity of drugs used to establish a defendant's base offense level is a factual finding reviewed for clear error. *United States v. Johnston*, 127 F.3d 380, 403 (5th Cir. 1997).

In making factual determinations at sentencing, the district court may consider any information that has "sufficient indicia of reliability to support its probable accuracy." *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995) (quoting U.S.S.G. § 6A1.3 comment.). A PSR generally bears sufficient indicia of reliability to be considered as evidence at sentencing. Id. A defendant challenging the findings in the PSR has the burden of demonstrating that the information therein is

"materially untrue, inaccurate or unreliable." *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991).

Hendricks and Overbey's PSRs contain a discrepancy that indicates some of the information contained therein is inaccurate. However, the factual errors in the PSRs are harmless because the testimony at trial supports the district court's determination that Hendricks and Overbey's base offense levels were correctly calculated.

Section 2D1.1(c)(1) of the Sentencing Guidelines provides for a base offense level of 38 when an offense involves "15 KG or more of Methamphetamine, or 1.5 KG or more of Methamphetamine (actual), or 1.5 KG or more of 'Ice'." A DEA chemist analyzed the methamphetamine and found it to be d-methamphetamine hydrochloride. He testified that "D is an isomer" that only exists when purity exceeds 80 percent. "Ice", as defined by the guidelines, "means a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity." U.S.S.G. § 2D1.1(c) note C. The DEA chemist further testified that the conspiracy realistically involved at least four kilograms of actual methamphetamine or "ice". Thus, it was not clear error for the district court to sentence Hendricks and Overbey according to U.S.S.G. § 2D1.1(c)(1).

Eighth, Overbey argues that a three-point increase to his base offense level under U.S.S.G. § 2D1.1(b)(5)(B) was improperly awarded. Because Overbey failed to raise this issue below, we now review for plain error. U.S.S.G. § 2D1.1(b)(5)(B) calls for a three-point increase if an offense involved the manufacture of methamphetamine and created a substantial risk of harm to the environment or to human life. Considering Overbey's underlying offense conduct, as per U.S.S.G. § 1B1.3(a)(1)(B), it is clear that U.S.S.G. § 2D1.1(b)(5)(B) was properly applied.

### III. CONCLUSION

Because Hendricks and Overbey failed to show that reversible error was committed as to

either their convictions or their sentences, the judgment of the district court is AFFIRMED.